**Joseph J. REGALADO, etc., Plaintiff,**

v.

**CITY OF CHICAGO, et al., Defendants.**

No. 96 C 1736.

United States District Court,
N.D. Illinois,
Eastern Division.

March 26, 1996.

Joseph J. Regalado, Chicago, IL, Pro Se.

Susan S. Sher, Corporation Counsel, and George J. Yamin, Jr., Assistant Corporation Counsel, for City of Chicago and Thomas N. Osran, Assistant Corporation Counsel, for Defendants Garcia and Acevedo.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

City of Chicago ("City"), one of three defendants in this action (the other two are its Police Officers Jose Garcia ("Garcia") and Manuel Acevedo ("Acevedo")), has filed a March 26, 1996 Notice of Removal ("Notice") seeking to bring this action from its original forum in the Circuit Court of Cook County to this federal court. Immediately upon receiving the Notice and its attachments, this Court—in accordance with its duty to consider potential jurisdictional issues at the outset[1]—held a telephonic conference with City's Assistant Corporation Counsel George Yamin, Jr. ("Yamin") and pro se plaintiff Baltasar Regalado ("Regalado"), who is proceeding here on behalf of his son Joseph Regalado ("Joseph"). At this Court's request, Yamin and Regalado have appeared in court today for an in-person hearing.

One factor complicates City's attempted removal, while another factor might have done so as well. Those factors will be set out first, after which this opinion will explore their consequences. In summary, the circumstances here call for the remand of this action to its place of origin.

Most importantly, only Garcia and Acevedo are targeted with federal-question claims: Complaint Count I, brought under 42 U.S.C. § 1983 ("Section 1983"), asserts that they respectively violated Joseph's Fourth Amendment rights[2] by Garcia's use of excessive force and by Acevedo's nonintervention in Garcia's conduct in the course of Joseph's arrest on June 20, 1991. By contrast, City is charged *only* with state law claims: Count II seeks to hold it "jointly and severely [sic— should of course be 'severally']" liable on a respondeat superior theory for Garcia's assault and battery on Joseph, and Count III seeks to hold it "jointly and severely" liable on a like theory for Acevedo's claimed violation of his duty to protect Joseph against Garcia's assault and battery. Yet it is only City, which is not involved in any federal-question claim[3] and which therefore has no independent right to a federal forum, that has filed the Notice on its own (City says in Notice ¶ 6 that it believes Garcia and Acevedo had not yet been served as of the March 26 date of removal).

As for the other potential source of complication, in part Regalado alleges (in Count I ¶ 12, Count II ¶ 13 and Count III ¶ 15):

That this matter is only refiling of Regalado v. City of Chicago, et al., Docket Number 91 L 10341, which was voluntarily dismissed on February 22, 1995.

At this Court's request Yamin has obtained and furnished to this Court the Complaint in

---

1. This Court always undertakes an immediate review of newly-filed complaints; see *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir.1986):

    The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

    Where as here an action comes to this District Court via removal rather than as an original filing, the notice of removal as well as the complaint may provide information in that respect.

2. As always, this opinion adheres to the conventional and convenient (though technically imprecise) practice of referring to the underlying Bill of Rights provision (which of course imposes limitations only on the federal government) rather than to the Fourteenth Amendment (which applies to state actors and has been construed to embody such Bill of Rights guaranties).

3. If Regalado had filed his lawsuit in this District Court to begin with, Counts II and III would have been includable in his Complaint under the supplemental jurisdiction provisions of 28 U.S.C. § 1367 (for convenience, all further references to Title 28 provisions will simply take the form "Section—").

that 1991 lawsuit and has examined the rest of the bulky file in that case. It has become apparent during this morning's hearing that despite the quoted language, the earlier lawsuit (brought only against City and Garcia) did *not* assert any Section 1983 claim or other federally-based claim, so that it may be disregarded for present purposes.

To return to the first complicating factor, then, the procedural problems that it poses are indeed complex. It has long been universally held that, except for certain special-status parties (such as foreign states (Section 1441(d)) or federal officers (Section 1442)) on whom Congress has conferred the right of independent removal, the intended meaning of Section 1441(a) is that all defendants except for purely nominal parties must join in or consent in writing to a proposed removal (as tersely stated in *Roe v. O'Donohue,* 38 F.3d 298, 301 (7th Cir.1994), citing two century-old Supreme Court cases, "A petition for removal fails unless all defendants join it").[4] And when that rule is coupled with the equally well-established principle that the 30–day clock specified for removal in Section 1446(b) begins to tick when the first defendant is served and is not restarted by later service on other defendants (see, e.g., *Scialo v. Scala Packing Co.,* 821 F.Supp. 1276, 1277–78 (N.D.Ill.1993) and *Davies v. Recreation Plantation, Inc.,* No. 94 C 4672, 1994 WL 419671, at *1 (N.D.Ill. Aug. 4) and 1994 WL 449312, at *1 (N.D.Ill. Aug. 15)), the result can be troublesome: If a first-served party such as the state-claim-only defendant City is ruled unable to trigger removal on its own, that could allow a manipulative plaintiff to serve only such a non-federal-question defendant and then to wait more than 30 days to serve the other defendants, thus effectively blocking *anyone's* exercise of the opportunity to remove.[5]

This Court's research has uncovered only a single case by another court dealing with a like situation—a case in which, confronted with the just-described knotty problem, a district judge emulated Alexander the Great by cutting the analytical Gordian knot instead of trying to undo its intricate convolutions. *Hill v. City of Boston,* 706 F.Supp. 966 (D.Mass.1989) did that by the ipse dixit device of departing not only from the all-defendants-must-join rule and the first–defendant–served–begins–the–30–day–clock rule but also from the literal language of Section 1446(b).

Although by doing so *Hill* ended up with what might be considered the common-sense conclusion that the non-federal-defendant could not remove the case on its own, the path that it chose in reaching that conclusion is simply wrong. In at least one of its steps it does impermissible violence to a deeply-embedded principle that was established nearly a century ago in *Chicago, R.I. & P. Ry. v. Martin,* 178 U.S. 245, 248, 20 S.Ct. 854, 855, 44 L.Ed. 1055 (1900) and that remains good law today. Understandably *Hill*'s analysis has been persuasively rejected in such cases as *Doe v. Kerwood,* 969 F.2d 165, 167 (5th Cir.1992) and *Gibson v. Inhabitants of Town of Brunswick,* 899 F.Supp. 720, 721 (D.Me.1995). This Court is equally disinclined to depart so far from established principles to reach *Hill*'s result.

But as chance would have it, this Court has itself dealt with the question posed here once before, albeit in a case that also involved the unexplained nonjoinder in the removal notice by the federal-question-targeted defendant. Although that last-mentioned deficiency would alone have required that the case be remanded, this Court also made the independent statement that a municipality in the same position as City here—one that was not sued in any federal claim, although its police officer was—could not file a valid notice of removal on its own (*Greene v. Hindes,* No. 93 C 6843, 1993 WL 489721, at *2 (N.D.Ill. Nov. 15)):

> What controls here is that Village itself is *not* the target of any federal claim, and it therefore has no right to institute removal proceedings.

---

4. That rule has of course been tempered by excusing joinder of defendants who have not been served as of the removal date.

5. It is clear that no such manipulation took place here. Pro se plaintiff Regalado (who had been assisted by a lawyer in the preparation of the Complaint) had simply placed process in the hands of the Sheriff's Office with instructions to serve *all* defendants. Any delay since then in obtaining service on Garcia and Acevedo (or any failure to do so) has not been at all ascribable to Regalado.

Although the statutory language does not cover the present situation precisely, the absence of any stake whatever on City's part in having the purely state law claims against it adjudicated in a federal forum leads this Court to conclude that the reference in Section 1441(a) to "remov[al] by the defendant or the defendants" does not embrace a removal in this case by the City alone.[6] Accordingly, under the special circumstances of this case this Court finds that "it appears that the district court lacks subject matter jurisdiction" within the meaning of Section 1447(c). As dictated by Section 1447(c) under such circumstances, this action is ordered remanded to the Circuit Court of Cook County—and as permitted by this District Court's General Rule 30B, the Clerk of this District Court is ordered to mail the certified copy of the remand order forthwith.

---

**6.** No opinion is expressed here as to how the statute should be construed if a court had to deal instead with a removal under the hypothetical scenario of the manipulative plaintiff that had been referred to earlier.