**PHOENIX CONTAINER, L.P., a limited partnership, by Yasar SAMARAH, general partners, and Yasar Samarah, personally, Plaintiffs,**

v.

**Ken SOKOLOFF, Joel Schonfeld, Schonfeld & Weinstein, L.L.P., Hollow–Brook Holdings, L.L.C., James "Governor" Florio, Michael Perrucci, Christopher B. Ferguson, Michael Sakimura, Andrea Weinstein and Thomas Bartkovich, Defendants.**

No. 99 C 6630.

United States District Court, N.D. Illinois, Eastern Division.

Feb. 8, 2000.

John R. O'Brien, P.C., Chicago, IL, for Plaintiffs.

Daniel John McMahon, Loren Scott Cohen, Rebecca Marie Burkett, for defendants.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Plaintiffs Phoenix Container L.P. ("Phoenix") and Yasar Samarah ("Samarah"), as an individual and in his capacity as a general partner of Phoenix, brought two different suits in state court alleging breach of contract, breach of fiduciary duties, and other claims against defendants Joel Schonfeld and Schonfeld & Weinstein ("the Schonfeld defendants"); Andrea Weinstein ("Weinstein"); Ken Sokoloff ("Sokoloff"); Hollow–Brook Holdings, L.L.C.; Thomas Bartkovich ("Bartkovich"); James "Governor" Florio ("Florio"); Michael Perrucci; Christopher B. Ferguson; and Michael Sakimura.. On October 8, 1999, Florio filed a notice of removal pursuant to 28 U.S.C. § 1446. All named defendants joined in the notice of removal. The parties do not contest that the requirements for diversity jurisdiction under 29 U.S.C. § 1332 are met. Plaintiffs have filed a motion to remand the instant case to the Circuit Court of Cook County, however, for failure to timely remove. Florio has filed a response in opposition to that motion.

## FACTS AND PROCEDURAL HISTORY

This case has a tortured procedural history. On Feb. 11, 1999, Samarah filed suit in state court against the Schonfeld defendants and Weinstein alleging that these defendants breached a contract by convincing Samarah to purchase stock in Phoenix ("case number 99 L 1730"). On February 19, 1999, Phoenix and Samarah filed a second action in state court ("case number 99 L 2065"), naming as defendants the Schonfeld defendants, Sokoloff, and Hollow–Brook Holdings, L.L.C., and alleging, inter alia, that defendants conspired to

dilute Samarah's stock and deprive him of control of Phoenix, thereby breaching their fiduciary duties.

In the spring of 1999, all defendants named in both state court suits filed limited appearances for the purpose of filing motions to quash service of process. Each defendant filed a motion to quash either for improper service of summons or for lack of personal jurisdiction. (The Schonfeld defendants filed their motion to quash for lack of personal jurisdiction on May 4, 1999). With one exception, the state court postponed ruling on all defendants' motions to quash service.[1]

On June 24, 1999, plaintiffs filed a motion for leave to file an amended complaint in case number 99 L 2065. The court notes that at this juncture, none of the defendants had yet accepted service of the original complaint. The amended complaint added as defendants Bartkovich, Florio, Weinstein, Michael Perrucci, Christopher B. Ferguson, and Michael Sakimura. Bartkovich filed a motion to quash service of process of the amended complaint and the court granted his motion. The record contains no evidence that any of the other new defendants was ever properly served with the amended complaint. There is also no evidence that the state court ever granted plaintiffs leave to file the amended complaint.

On August 16, 1999, however, the state court granted plaintiffs leave to file a second amended complaint in case number 99 L 2065. On this same date, the Schonfeld defendants withdrew their motion to quash service of process with respect to plaintiffs' original complaint in that case. The state court promptly ordered the Schonfeld defendants to answer the second amended complaint within the month.

On September 9, 1999, Florio was served with plaintiff's second amended complaint. On October 7, 1999, case number 99 L 1730 was consolidated with case number 99 C 2065. On this same date, the Schonfeld defendants filed their general appearance and answered the second amended complaint in case number 99 C 2065. On October 8, 1999, Florio filed a notice of removal pursuant to 28 U.S.C. § 1446, alleging diversity jurisdiction. All of the remaining defendants consented to the removal.

## DISCUSSION

Plaintiffs argue that the instant lawsuit should be remanded to the state court because defendants failed to remove either state case within thirty days of being served with the complaint. Under 28 U.S.C. § 1446(b), a defendant must file a motion to remove an action from state to federal court within thirty days of service. The statute reads, "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).

█ The Supreme Court recently clarified § 1446(b) by holding that the thirty-day removal period does not begin to run until a defendant is formally served with the complaint. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999). The *Murphy* Court held that the statute's " 'service or otherwise' language was not . . . intended to bypass service as a starter for § 1446(b)'s clock." *Id.* at 1329. The *Murphy* Court reasoned: "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." In so holding, the Court rejected the "receipt rule"

---

1. On April 19, 1999, the state court granted defendant Sokoloff's motion to quash the summons for improper service. Plaintiffs subsequently attempted to re-serve Sokoloff, and Sokoloff again filed a motion to quash service. The court did not rule on this motion.

adopted by a majority of courts, including the Seventh Circuit. *See Roe v. O'Donohue,* 38 F.3d 298 (7th Cir.1994).

Examining the parameters of the now discredited "receipt rule" clarifies what, exactly, the Supreme Court means by "formal service." Under the "receipt rule," the thirty-day removal clock began running "on receipt of a copy of the complaint, however informally." *Murphy,* 526 U.S. 344, 119 S.Ct. 1322. In adhering to the receipt rule in *Roe,* the Seventh Circuit held that "knowledge of the nature of the claims, and not the state's technical rules of service, determines timeliness." *Roe,* 38 F.3d at 303. The *Roe* court described various situations that constituted "receipt" even though they did not amount to "service." One such situation was "a delivery of the complaint by a process server that is not effective as 'service of process'" because it does not comply with state law service of process requirements. *Id.* at 302. In adopting the receipt rule, the Seventh Circuit disagreed with "other courts [that] have held that only 'service' complying with all technical rules of state law starts the clock under § 1446(b)." *Id.* at 302.

The Supreme Court explicitly abrogated *Roe* in *Murphy.* The *Murphy* Court held that a defendant should be given the same procedural rights in the removal context that he receives in other contexts. *Murphy,* 119 S.Ct. at 1329. The Court analogized removal to the filing of a responsive pleading in a removed action under Fed. R.Civ.P. 81(c). *Id.* The Court concluded: "[I]t would take a clearer statement than Congress has made ... to set removal apart from all other responsive acts, to render removal the sole instance in which one's procedural rights slip away before service of a summons, i.e., before one is subject to any court's authority." *Id.* *Murphy*'s conclusion, and its abrogation of *Roe,* suggest that "formal service" is service that complies with a state's technical service of process rules (that is, the same sort of service that would trigger other responsive acts).

■ Plaintiffs contend that each defendant was formally served at the moment service of process was initially made. Each defendant, however, moved to quash service. It is well-settled that a challenge to service of process is a challenge to the court's jurisdiction. *White v. Ratcliffe,* 285 Ill.App.3d 758, 221 Ill.Dec. 113, 674 N.E.2d 906, 911 (2d Dist. 1996). The Seventh Circuit "has long held that valid service of process is necessary in order to assert personal jurisdiction over a defendant." *Mid–Continent Wood Prods., Inc. v. Harris,* 936 F.2d 297, 301 (7th Cir.1991) (internal citations and quotation marks omitted). The defendants preserved their objections to the court's jurisdiction by filing special and limited appearances for the purpose of contesting service of process and/or jurisdiction. The court reads the *Murphy* Court's holding to mean that the thirty-day clock did not begin to run during the time that defendants' motions to quash service were pending before the court. The clock would not begin to run, therefore, until the state court determined that service was proper under state law, or a defendant waived his objections to service.

Plaintiffs argue that at the latest, defendants were properly served on June 24, 1999, the date on which plaintiffs filed their amended complaint with the court and furnished counsel of record for all defendants with a copy of this amended complaint. Plaintiffs argue that under Illinois Supreme Court Rule 11, serving an amended complaint on a defendant's attorney of record constitutes service on that defendant. *See, e.g., Department of Public Aid v. McGinnis,* 268 Ill.App.3d 123, 205 Ill.Dec. 330, 643 N.E.2d 281 (1994). Rule 11 clearly provides, however, that this method is used only for "serving papers other than process and complaint." Yet, the amended complaint added a number of defendants and there is no evidence that any of these new defendants was ever

properly formally served with the amended complaint.

Moreover, on June 24, 1999, the state court judge had not yet determined whether process and the original complaint had been properly served on any of the originally named defendants. It is possible that, under the now-defunct "receipt rule," defendants' counsel's receipt of a copy of the amended complaint might have started the thirty-day clock. The *Murphy* Court held, however, that conveying a courtesy copy of a file-stamped complaint to a defendant does not amount to formal service and does not start the thirty-day clock. *See Murphy,* 119 S.Ct. at 1326–29. Plaintiffs therefore did not effect formal service on any defendant when they provided defendants' counsel with a copy of the file-stamped amended complaint on June 24, 1999.

Florio contends that no defendant was formally served until Florio accepted service of the second amended complaint on September 9, 1999. This court disagrees. Until August 16, 1999, no defendant had been properly served with the original complaint in case number 99 L 1730 or with the original or amended complaint in case number 99 L 2065. On August 16, 1999, however, the Schonfeld defendants withdrew their motion to quash service of process with respect to plaintiffs' original complaint in case number 99 L 2065, and the state court ordered the Schonfeld defendants to answer the second amended complaint in that case by September 14, 1999. By withdrawing their motion to quash on August 16, 1999, the Schonfeld defendants waived their objection to service and submitted to formal service of process nunc pro tunc.

■ At this point, the thirty-day removal period began to run, and it began to run for all defendants in case number 99 L 2065. In so holding, this court follows the majority of courts that have ruled on the issue in this district and elsewhere, and adheres to the "first-served defendant" rule on the particular facts of this case.

*See, e.g., Getty Oil Corp. v. Ins. Co. of N. Am.,* 841 F.2d 1254 (5th Cir.1988) (citing cases); *Regalado v. City of Chicago,* 946 F.Supp. 560 (N.D.Ill.1996); *Scialo v. Scala Packing Co.,* 821 F.Supp. 1276 (N.D.Ill. 1993) (citing cases); *Grzetich v. VLI Corp.,* 670 F.Supp. 793, 794 (N.D.Ill.1987); *Ortiz v. General Motors Acceptance Corp.,* 583 F.Supp. 526, 529 (N.D.Ill.1984) ("[I]f defendants are served at different times, and the first-served defendant fails to file a removal petition within 30 days, later-served defendants cannot remove within 30 days of their service.").

As Judge Shadur held in *Scala,* under the first-served defendant rule, "Section 1446(b)'s 30–day time clock begin[s] to run with service on the first defendant entitled to remove." *Scala,* 821 F.Supp. at 1277. The rule rests on the long-established principle that "all defendants who may properly join in the removal petition must join." *P.P. Farmers' Elevator Co. v. Farmers Elevator Mutual Ins. Co.,* 395 F.2d 546, 547 (7th Cir.1968) (internal citations and quotation marks omitted). If the first-served defendant does not opt to remove before his time to remove expires, he waives his right to remove the case from state court. Allowing a later-served defendant to remove after the first-served defendant has waived his removal rights would be futile, because the first-served defendant would be unable to join that petition and the case therefore would be unremovable.

No defendant attempted to remove the instant lawsuit within thirty days of August 16, 1999. Florio's attempt to remove the case on October 8, 1999, was therefore untimely. Florio attempts to avoid this result by citing cases in which courts deviate from the "first-served defendant" rule. *See, e.g., Brierly v. Alusuisse Flexible Packaging, Inc.,* 184 F.3d 527 (6th Cir. 1999) (allowing a later-served defendant to remove because he was not served until long after the first-served defendant's thirty day period had expired); *McKinney v. Board of Trustees of Mayland Community*

*College,* 955 F.2d 924 (4th Cir.1992); *Eltman v. Pioneer Communications of America,* 151 F.R.D. 311 (N.D.Ill.1993).

The instant case does not fall into the exception to the rule created by the Fourth Circuit in *McKinney.* In that case, the first-served defendant timely removed, but a later-served defendant failed to join within the thirty-day period. *McKinney,* 955 F.2d at 925. The court need not agree or disagree with the *McKinney* exception because it is inapplicable to the instant case. The *McKinney* court acknowledged that if the first-served defendant never even attempts to remove while his thirty days run, the case cannot be removed by any defendant. *Id.* at 926 at n. 3 ("if [defendant] A does not petition for removal within 30 days, the case may not be removed") (citing *Quick Erectors, Inc. v. Seattle Bronze Corp.,* 524 F.Supp. 351, 354 (E.D.Mo.1981) ("If the defendant who was served first fails to remove within thirty days, a subsequently served defendant may not remove even with the first defendant's consent.")).[2]

The instant case is likewise distinguishable from *Eltman,* in which Judge Plunkett rejected the first-served defendant rule for equitable reasons. *Eltman,* 151 F.R.D. at 317. Judge Plunkett held that it would be inequitable to apply the rule to prevent removal by a defendant who was not even named until after the first-served defendant had allowed his thirty days to expire. *See id.* In the instant case, however, all defendants were named long before the thirty-day period began to run.[3]

Moreover, the instant case does not merit the application of the "right of revival" exception. The Seventh Circuit has held that, "where the amended complaint in effect begins a new case—using the 30–day limitation in section 1446(b) to bar removal would not serve the purposes of the limitation in any significant way." *Wilson v. Intercollegiate (Big Ten) Conference Athletic Assoc.,* 668 F.2d 962, 965 (7th Cir.1982). Even assuming, arguendo, that plaintiffs' amendments commenced a new case, the "new case" would have begun on August 16, 1999, the date on which plaintiffs' filed their second amended complaint and the state court judge directed the Schonfeld defendants to answer that new complaint.

▮ Florio makes much of plaintiffs' failure to timely respond to defendants' motions to quash service of process for lack of personal jurisdiction. The other defendants' extant motions to quash did not prevent the Schonfeld defendants from filing a notice to remove, however. In a multiple-defendant case, a properly-served defendant need not join in his notice of removal defendants who have not been properly served. "Indeed, if a removal petition is filed by a served defendant and another defendant is served after the case is thus removed, the latter defendant may still either accept the removal or exercise its right to ... [make] a motion to remand." *Getty,* 841 F.2d at 1263; *see also* 28 U.S.C. § 1448 ("In all cases removed from any State court to any district court of the United States in which one or more of the defendants has not been served with process ... such process or service may

---

**2.** The factual background of *Quick Erectors* was identical in all relevant respects to the facts of the instant case: defendant A was served with process and did not remove; as defendant A's thirty days ran, defendant B was served with process; defendant B petitioned for removal within thirty days of being served; defendant A joined this petition. The court concluded that because defendant A's thirty-day clock began running first, and because he failed to timely petition for removal, the case had to be remanded.

**3.** Moreover, Judge Plunkett explicitly stated: "The rationale for preserving the later-served defendant's removal right would not apply, for example, in instances when defendants are actually part of the same operating entity rather than separate and distinct entities." *Eltman,* 151 F.R.D. 311, 318 n. 15. Although Florio was not exactly part of the same entity as the Schonfeld defendants, all of the defendants were loosely linked together through their connections to PCI.

be completed or new process issued in the same manner as in cases originally filed in such district court.").

In conclusion, the court finds that because the Schonfeld defendants failed to remove the state case within thirty days of August 16, 1999, the date they accepted service of process, defendant Florio's October 8, 1999, removal notice was untimely. The court therefore remands the instant lawsuit to state court. Plaintiffs' request for costs and fees is denied, and the status hearing previously set for February 17, 2000, is canceled.