287 F.Supp.2d 940 (2003)
In re BRIDGESTONE/FIRESTONE, INC., TIRES PRODUCTS LIABILITY LITIGATION.
Larry McCachren, et al., Plaintiffs,
v.
Bridgestone/Firestone, Inc., et al., Defendants.
No. MDL-1373,
Nos. IP-00-9374-C-B/S, IP-01-5436-C-B/S.
United States District Court, S.D. Indiana, Indianapolis Division.
August 27, 2003.
*941 Daniel Briggs Smith Jr., Smith Phillips Mitchell Scott & Batesville, MS, for Plaintiffs.
David L. Ayers, Watkins & Eager, Jackson, MS, John H. Beisner, O'Melveny & Myers LLP, Washington, DC, Barry W. Ford, Baker Donelson Bearman & Caldwell, Jackson, MS, Mark Herrmann, Jones Day Reavis & Pogue, Cleveland, OH, Mark Merkle, Krieg Devault LLP, Randall Riggs, Locke Reynolds LLP, Indianapolis, IN, Colin P. Smith, Holland & Knight LLC, Chicago, IL, for Defendants.

ORDER ON MOTION FOR REMAND AND MOTION FOR SUMMARY JUDGMENT
BARKER, District Judge.
This matter is before the Court on the plaintiffs' motion for remand and on defendant Bridgestone/Firestone North American Tire, LLC's ("Firestone") motion for summary judgment. For the reasons set forth below, the motion for remand is DENIED, and the motion for summary judgment is GRANTED.

Discussion

Motion for Remand
Before our consideration of Firestone's motion for summary judgment, we must address a threshold jurisdictional issue. The plaintiffs maintain, in connection with their motion for remand, that Firestone's removal of this action to federal court was not timely and lacked the required consent of all defendants.
The plaintiffs filed their complaint in state court on March 6, 2001, against both Firestone and Ford Motor Company ("Ford"). They apparently served Ford sometime thereafter, although they have not told the Court when[1] they did so. Sometime during the month of March, and apparently well before Ford filed its answer *942 to the complaint on April 9, 2001, the plaintiffs and Ford agreed to settle the case, and by March 24, 2001, Ford had issued a settlement check. Ford filed an answer because all steps technically necessary to effect dismissal had not yet occurred.
The plaintiffs did not serve Firestone with the complaint until June 18, 2001. Shortly thereafter, Firestone's counsel contacted counsel for Ford regarding removal and was told that Ford had settled with the plaintiffs. Firestone filed its notice of removal on July 12, 2001, citing Ford's settlement and stating that its consent to removal was therefore not required.
The plaintiffs argue that this case must be remanded because Ford did not consent to the removal and because Firestone's removal papers were not filed within thirty days of service on Ford. They therefore urge application of the "first-served" rule. Firestone asks us to adopt the position that it had thirty days from the date it received service to remove the action. The Seventh Circuit has not taken a position on this question, and we find that it is not necessary or proper to stake out a position on these facts. The first-served rule adopted by some courts rests on the principle that all defendants who may properly join in removal must do so. If the first-served defendant does not remove within thirty days, so the argument goes, it waives its right not only to remove, but to give the required consent to removal. See, e.g., Phoenix Container v. Sokoloff, 83 F.Supp.2d 928, 932 (N.D.Ill.2000).
In this case, Ford, having settled with the plaintiffs, was a nominal defendant whose joinder in removal was not required. See, e.g., Ryan v. State Bd. of Elections of Illinois, 661 F.2d 1130, 1134 (7th Cir.1981). Whether it waived the right to remove or consent is therefore irrelevant here, and we hold, under the circumstances of this case, that Firestone's removal was timely. The motion for remand is therefore DENIED.

Motion for Summary Judgment
Firestone contends that summary judgment must be granted because the expert reports submitted by the plaintiffs contain no opinion that the tires at issue were defective, nor do they indicate that the tires were even examined by any of the experts. In response, the plaintiffs simply cite testimony from a witness that a tire "blew" prior to the accident. They have not designated any specific expert testimony that the tire at issue was in fact defective. Rather, they have relied on general opinions of experts that the broad class of Firestone tires to which the subject tires belonged exhibited defects. This is insufficient.
Under Mississippi law, a plaintiff must prove not only that the product left the manufacturer in a defective condition which rendered it unreasonably dangerous, but also that the defect was the proximate cause of the injury. William Cooper & Nephews, Inc. v. Pevey, 317 So.2d 406, 408 (Miss.1975); Ford Motor Company v. Matthews, 291 So.2d 169 (Miss.1974). Because the plaintiffs have provided no evidence from which a reasonable jury could conclude that any of their tires were defective, or that the defect caused the accident at issue, their claims against Firestone must fail as a matter of law. Summary judgment is therefore GRANTED in favor of Firestone.
NOTES
[1] This failing is curious, because the plaintiffs urge the "first served" view of the thirty-day removal period provided by 28 U.S.C. § 1446, which, if applicable in this case, would begin to run on the date Ford was served.