Gary RIGGS, Plaintiff,

v.

CONTINENTAL BAKING COMPANY, et al., Defendants.

No. C–87–5342 SAW.

United States District Court, N.D. California.

Feb. 9, 1988.

Abraham A. Flores, Jr., Weltin, Van Dam & Flores, San Francisco, Cal., for plaintiff.

Sedgwick, Detert, Moran & Arnold, Cynthia H. Plevin, Kathy D. Steel, Hallinan & Hallinan, Terence Hallinan, San Francisco, Cal., for defendants.

## MEMORANDUM AND ORDER

WEIGEL, District Judge.

Plaintiff Gary Riggs sued his former employer, defendant Continental Baking Company, on September 11, 1986 in San Francisco Superior Court alleging several state common law tort claims. Plaintiff had been employed by the Continental Baking Company as a production foreman. Concerned by a high incidence of absenteeism and a high accident rate at its San Francisco bakery, defendant engaged a private firm to conduct an undercover investigation of possible drug use on its premises. The San Francisco Police Department was notified of the investigation and kept apprised of its progress by the private firm.

After a six-month investigation, plaintiff and twelve other employees were terminated for alleged involvement in the sale, use, and dispensing of drugs on company premises in violation of company policy. At the time of his discharge, plaintiff was a member in good standing of the Bakery, Confectionary and Tobacco Workers' Union and his employment at the bakery was governed by a collective bargaining agreement. However, plaintiff did not challenge his discharge through the grievance and arbitration procedures. Subsequent to plaintiff's termination, the San Francisco Police Department and District Attorney's office issued an arrest warrant and filed criminal charges against plaintiff for the sale of cocaine. These charges were later dropped for lack of evidence.

Plaintiff then filed this lawsuit. On October 26, 1987, defendants removed the action to federal court on the grounds that the action arose under Section 301 of the Labor Management Relations Act (LMRA) in that it involved an alleged breach of a collective bargaining agreement. Defendants now move for summary judgment on the grounds that plaintiff's state law claims are preempted by Section 301, and that any Section 301 claims are barred by plaintiff's failure to exhaust his remedies

under the collective bargaining agreement. Plaintiff moves to remand the case to state court on the basis that the petition to remove was not timely filed.

I. *Motion to Remand to State Court.*

Plaintiff's motion to remand to state court can be quickly dealt with. Pursuant to 28 U.S.C. § 1446(b), defendants have thirty days to remove a case from the filing of the initial pleading or, if the case stated by the initial pleading is not removable, thirty days from receipt by defendants of a copy of "an amended pleading, motion, or other paper from which it may be first ascertained that the case is or has become removable." The elements of removability must be specifically indicated in official papers before the statutory period begins to run. *See, e.g., Jong v. General Motors Corp.*, 359 F.Supp. 223 (N.D.Cal.1973); *Brooks v. Solomon*, 542 F.Supp. 1215 (N.D. Ohio 1982); *Camden Industries v. Carpenters' Local Union No. 1688*, 256 F.Supp. 252 (D.N.H.1965).

Plaintiff's complaint did not indicate that plaintiff was a member of a union or employed pursuant to a collective bargaining agreement. Defendants did not receive notice under Section 1446(b) of the facts indicating removablility until plaintiff was deposed on September 30, 1987. The deposition constituted an "other paper" under the statute. *Brooks*, 542 F.Supp. at 1230. Defendants removed the case on October 26, 1987. The petition for removal was timely filed, and plaintiff's motion to remand to state court on this basis is denied.

II. *Summary Judgment.*

Section 301(a) of the LMRA, 28 U.S. C. § 185(a), confers jurisdiction on federal district courts to enforce collective bargaining agreements in industries affecting interstate commerce. *Fristoe v. Reynolds Metals Company*, 615 F.2d 1209, 1212 (9th Cir.1980) *citing Avco Corp. v. Aero Lodge No. 7735*, 376 F.2d 337 (6th Cir.1967), *aff'd* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968). When principles of federal labor law are involved, these principles supersede state law. *Id.* Accordingly, actions alleg-

ing breach of a labor contract must either be brought under Section 301 and resolved under federal law or dismissed as preempted. *Allis–Chalmers v. Lueck*, 471 U.S. 202, 210, 105 S.Ct. 1904, 1911, 85 L.Ed.2d 206 (1985); *see also Tellez v. Pacific Gas and Elec. Co., Inc.*, 817 F.2d 536, 537 (9th Cir.1987), *cert. denied* — U.S. —, 108 S.Ct. 251, 98 L.Ed.2d 209 (1987).

In *Allis–Chalmers*, the Supreme Court held that the key to determining the scope of Section 301 preemption is whether the claims can be resolved only by referring to the terms of the collective bargaining agreement. 471 U.S. at 213, 105 S.Ct. at 1912. The Court must decide whether the plaintiff's claims derive from, or require interpretation of, that agreement. *Id.* If they do not, the Court must further determine whether permitting the state law claims to proceed would infringe upon the arbitration process established by the agreement. *Tellez*, 817 F.2d at 537–38.

Plaintiff's complaint in the instant case states three causes of action. While inartfully drafted, a careful reading indicates that plaintiff is seeking recovery for (1) malicious prosecution (2) intentional infliction of emotional distress and (3) negligent infliction of emotional distress. Two events underlie each of the plaintiff's claims: defendants' discharge of plaintiff for the alleged sale of illegal drugs and narcotics on company property (Complaint at ¶ 5), and defendants' alleged "malicious prosecution" of plaintiff in causing criminal charges to be filed (Complaint at ¶ 7).

To the extent that the three causes of action arise out of plaintiff's termination by defendant, they are preempted by Section 301. Plaintiff was a member of the union and working under the collective bargaining agreement at the time of his discharge. As the resolution of any state law claim regarding plaintiff's termination requires interpretation of the contract provisions, they are preempted by Section 301. *See, e.g. Stallcop v. Kaiser Foundation Hospitals*, 820 F.2d 1044, 1048 (9th Cir. 1987).

Even if these claims are re-characterized as Section 301 claims, they cannot be maintained. The agreement's grievance and arbitration procedures are presumed to be plaintiff's exclusive remedy unless the contract expressly provides that they are not. *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 657–58, 85 S.Ct. 614, 618–19, 13 L.Ed.2d 580 (1965); *Clayton v. ITT Gilfillan*, 623 F.2d 563, 567 (9th Cir.1980). A civil action for breach may not be brought until the employee has exhausted the agreement's grievance procedure. *Republic Steel*, 379 U.S. at 652–53, 85 S.Ct. at 616. Since it is undisputed that plaintiff did not utilize the grievance and arbitration procedure, summary judgment for defendants is appropriate on those claims which arise out of plaintiff's termination.

However, to the extent plaintiff's causes of action arise out of the alleged malicious prosecution of criminal charges, they are not preempted by Section 301. Resolution of these claims does not turn on an analysis of the bargaining agreement. It does not govern defendants' alleged conduct in pursuing criminal charges against plaintiff. A determination of whether defendants' conduct constituted malicious prosecution will be determined wholly by reference to state law.

Nor would maintenance of these state law claims supplant the arbitration process. The arbitration committee is empowered only to review plaintiff's termination. It had no authority to judge a claim a malicious prosecution and could provide no remedy regarding such claim. To the extent that plaintiff's claims are based on the prosecution of criminal charges against him, they are not preempted by Section 301 and can be maintained.

The Court, however, declines to exercise pendent jurisdiction over these remaining state claims in the absence of any other basis for jurisdiction. As the claims involve issues of state tort law alone, they are better heard in state court. No economies of judicial administration exist for retaining them in this Court. They thus are remanded to state court for further proceedings.

Accordingly,

IT IS HEREBY ORDERED that:

(1) Defendants' motion for summary judgment is granted to the extent plaintiff's claims are based on the termination of his employment by defendant;

(2) Defendants' motion for summary judgment is denied as to plaintiff's claims which are based on the filing of criminal charges against him;

(3) The claims relating to the prosecution of criminal charges against plaintiff are remanded to the San Francisco Superior Court.