BIGGS CORPORATION, Plaintiff,

v.

Joseph M. WILEN, Wilen Companies Incorporated, Katy Industries, Inc., Brady Industries, Inc., and John Does, Defendants.

No. CV–N–99–0645–ECR–VPC.

United States District Court,
D. Nevada.

May 9, 2000.

Joseph C. Smith, Jr., Smith & Harmer, Ltd., Carson City, NV, for Plaintiff.

Gregory A. Brower, Jones Vargas, Reno, NV, for Katy Industries.

Michael D. Rounds, Skinner Sutton Watson & Rounds, Reno, NV, for Wilen Cos. and Joseph M. Wilen.

Marcia M. Ernst, Smith, Gambrell & Russell, Atlanta, GA, for Joseph M. Wilen & Wilen Companies.

A. Bryce Dixon, D. Shane Clifford, Dixon, Truman & Kelleher, Las Vegas, NV, for Brady Industries.

## ORDER

EDWARD C. REED, Jr., Senior District Judge.

This case concerns the development of unique handles for mops, known as Ergonomic Mop Handles, which the plaintiff developed and alleges defendants stole through fraud. The Court now considers two related motions by plaintiff. The first is plaintiff's motion to remand (# 16) filed on December 28, 1999. Defendant Brady filed an opposition (# 21) on January 13, 2000 and Defendant Katy filed an opposition (# 23) on January 14, 2000. The plaintiff replied (# 25) to Defendant Brady's opposition on January 24, 2000 and replied (# 29) to Defendant Katy's opposition on January 31, 2000. The second motion by plaintiff (# 44) is a motion to strike the supplemental notice of removal filed by defendants on February 11, 2000. The defendants filed an opposition (# 48) to the plaintiff's motion to strike. The plaintiff replied (# 50) on March 30, 2000.

### Background

The plaintiff filed a complaint in state court on September 24, 1999. The dispute concerns plaintiff's development of a new type of mop handle that is more useful. The plaintiff began marketing the handles as Ergonomic Mop Handles. On April 21, 1998 defendant Joseph Wilen ("Wilen") contacted plaintiff regarding his mop handles. The plaintiff states that Wilen represented to plaintiff that Wilen Industries was interested in purchasing plaintiff's mop handles and that Wilen requested information on plaintiff's mop handles. The plaintiff alleges that he provided Wilen with information on plaintiff's method of doing business, the advantages and benefits of plaintiff's mop handles, plaintiff's advertising strategy, and the manufacturing details of the mop handles. The plaintiff states that Defendant Wilen on several occasions represented that Wilen Industries was interested in purchasing plaintiff's mop handles and also represented to plaintiff that if he obtained a patent on his mop handle, Wilen Industries would take a license from plaintiff and pay royalties. The plaintiff claims that he believed the representations.

The complaint alleges that soon after these conversations, Defendant Wilen Industries obtained several of plaintiff's mop handles and presented them to plaintiff's potential customers as a product belonging to Wilen and Katy Industries in order to test the market. (Complaint, p. 4, 11.4–5) When the results of the test proved positive, the plaintiff claims that defendants began producing a mop handle, literature,

advertising and trade names which were all virtually identical to the details of plaintiff's Ergonomic Mop Handle. The defendants called their product the "Icky Stick." Around October 1998, Defendants Wilen presented their "Icky Stick" in Las Vegas to potential customers. Plaintiff alleges that defendants represented that the "Icky Stick" was their original invention. The plaintiff claims that as a result of defendants' promotion in Las Vegas, many of plaintiff's potential and existing customers and distributors have ceased doing business with plaintiff and have become "Icky Stick" distributors, customers, and users. (Complaint, p. 4, 11.25–27)

Once plaintiff learned of the defendants' actions it contacted the defendants. Plaintiff alleges that Defendant Wilen then represented to plaintiff that if plaintiff obtained a patent upon plaintiff's mop handle, the defendants would honor the patent and would also obtain a license from plaintiff. (Complaint, p. 5, 11.6–10) In July 1999, plaintiff was issued a patent covering plaintiff's Ergonomic Mop Handle. On July 30, 1999, the plaintiff contacted defendants Wilen to notify them of the patent and to request that they enter into a licensing agreement with plaintiff. The parties did not enter into an agreement.

Plaintiff then filed suit alleging that defendants' representations were made with the intent to induce the plaintiff to share his information so that defendants could appropriate and use such information as their own. (Plaintiff's Complaint, p. 3) The complaint alleges that defendants fraudulently induced plaintiff to reveal this information. It also alleges that defendants interfered with plaintiff's sales by inducing plaintiff's potential and actual distributors to deal with defendants.

## Procedural History

■ The plaintiff filed its complaint on September 24, 1999 in the Second Judicial District Court of the State of Nevada, naming Katy Industries ("Katy"), Wilen Companies Incorporated ("Wilen Companies"), Joseph Wilen ("Wilen"), Brady Industries ("Brady") and John Does 1 through 10,000 as defendants. Plaintiff's attorney sent a filed copy of the summons and complaint to Defendant Wilen's attorney, Steven Kerr.[1] Defendant Brady Industries acknowledged service of the summons and complaint on September 28, 1999. However, plaintiff did not file a return of service notice with the state court. Katy Industries was not served until November 16, 1999. Katy filed a notice of removal on December 2nd, 1999 alleging that the case was removable on federal question grounds. Defendants Wilen Companies and Wilen joined in the first notice of removal.[2] The December 2nd notice mistakenly stated that Defendant Brady had not been served. Once Katy discovered that Brady had been served, an amended notice of removal on federal question grounds was filed on December 15, 1999, in which all named defendants joined.

On December 21, 1999 Defendant Brady filed a motion (# 13) to dismiss on the grounds that it had been fraudulently joined in the action solely to destroy diversity. On December 28, 1999 the plaintiff filed a motion to remand (# 16) the case to state court on the grounds that defendants did not timely file their notice of removal with this court and that defendants did not properly include all defendants in the notice. The plaintiff argued that the first-

1. This informal notice is not sufficient service of process to trigger the 30 day removal period under section 1446. The Supreme Court in *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999), stated that the 30 day period for removal does not begin to run until a defendant has been formally served.

2. Wilen Companies and Wilen joined even though they were not properly served in order to avoid any possible argument that service had been properly effected. (Katy's Opposition, p. 4, 11.14–16).

served defendant rule applies and that the 30–day time period for removal under section 1446(b) began to run when Brady was served. The defendants opposed the motion to remand on the grounds that the first-served defendant rule should not be followed and that Defendant Brady has been fraudulently joined. Defendant Katy acknowledged in its opposition to the motion to remand, that the case was also removable on diversity grounds because Defendant Brady was fraudulently joined but that the defendants had not removed on diversity grounds because they could not yet determine if the $75,000 jurisdictional minimum could be met. (Katy's Oppo., p. 3, fn.2).

On February 11, 2000, however, defendants filed a supplemental notice of removal on diversity grounds. The defendants allege that they received recent information that allowed them to determine that the $75,000 jurisdictional minimum could be met. The defendants rely on a demand letter dated January 12, 2000 as the new evidence that triggered their awareness that the jurisdictional minimum could be established. The plaintiff filed a motion to strike the supplemental notice of removal alleging that the demand letter was an inadmissible offer to settle or compromise. In addition, the plaintiff alleges that the defendants were aware, long before the demand letter, that the amount in controversy exceeded $75,0000.

## I. Removal

Removal is governed by 28 U.S.C. § 1446(b) which provides:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not re-

quired to be served on the defendant, whichever period is shorter.

The plaintiff argues that because it served the first defendant, Wilen, on September 24, 1999, the time for removal expired on October 24, 1999, making it impossible for later-served defendants to remove the case to federal court. Alternatively, the plaintiff argues that Defendant Brady Industries acknowledged service of the summons and complaint on September 28, 1999 and therefore, the time for removal expired on October 28, 1999. The defendants notice of removal was not filed until December 15, 1999, more than 30 days after defendants Wilen and Brady were served.

### A. Ninth Circuit precedent

The question before us is whether the 30–day time period in section 1446(b) bars defendant Brady from joining in a removal notice filed by later-served defendant Katy. The removal statutes do not expressly address the problem of multiple defendants. The Ninth Circuit has not addressed this issue. See Griffith v. American Home Products Corp., 85 F.Supp.2d 995, 999 (E.D.Wash.2000) (stating that the Ninth Circuit has remained silent on the issue). In addition, the district courts in the Circuit have split on the issue. See, e.g., Samura v. Kaiser Found. Health Plan, Inc., 715 F.Supp. 970, 971 (N.D.Cal.1989) (following first-served defendant rule), with Ford v. New United Motors Mfg., Inc., 857 F.Supp. 707, 708–10 (N.D.Cal.1994) (rejecting the first-served defendant rule).

This court briefly discussed the issue of timeliness of removal several years ago in Pic–Mount Corp. v. Stoffel Seals Corp., 708 F.Supp. 1113, 1114 (D.Nev.1989). In Pic–Mount we stated that the time for removal begins to run after the first defendant is served and that all properly joined defendants must join in the notice of removal. "Therefore, if the defendants receive their pleadings at different times, and the first defendant to receive a plead-

ing fails to remove within 30 days, those defendants who receive pleadings later are foreclosed from removing." *Id.* The *Pic–Mount* case was several years ago and because there is no controlling authority from the Ninth Circuit on this subject since our decision in *Pic–Mount,* the Court turns to more recent court decisions for guidance.

## B. Majority Rule

█ The majority of courts have adopted the first-served defendant rule in construing section 1446(b). Under the first-served defendant rule, section 1446(b)'s 30–day period begins to run when the first defendant is served. If the first defendant fails to remove the action within 30 days of being served, that defendant is precluded from joining in the removal by later served defendants, who are served after the first defendant's 30–day period. *See Brown v. Demco, Inc.,* 792 F.2d 478 (5th Cir.1986); *Branch v. Coca–Cola Bottling Co.,* 83 F.Supp.2d 631, 634 (D.S.C.2000); *Faulk v. Superior Indus. Int'l Inc.,* 851 F.Supp. 457, 458 (M.D.Fla. 1994). All served defendants must join in the removal[3] and since the notice of removal must be filed within thirty days of service on the first defendant, all served defendants must join in the removal no later than 30 days from the day on which the first defendant is served. *Getty Oil v. Insurance Co. of North America,* 841 F.2d 1254, 1262–63 (5th Cir.1988).

While the rule may seem unfair, several courts have focused on the importance of following the general rule and strictly interpreting removal statutes. The Fifth Circuit's opinion in *Brown* is the key case cited for the justification of the first-served defendant rule. *See Brown,* 792 F.2d at 480. In *Brown,* the first-served defendants litigated the case in state court for four years before the plaintiff added a new

defendant who then removed the action to federal court. The district court denied the plaintiff's motion to remand. The Fifth Circuit reversed, holding that a first-served defendant who does not timely remove is precluded from consenting to removal by a later-served defendant. *See id.* at 481–82. The Fifth Circuit relied on two principles in reaching their decision: (1) the well-established rule that removal statutes are to be strictly construed against removal and (2) the interests in settling the forum of a lawsuit early in the litigation. *Id.* at 482.

Other courts that have followed the "first-served defendant rule" rely on similar grounds for their holdings. One of the concerns is that the proper forum should be settled early in the litigation. *Branch,* 83 F.Supp.2d at 635. The second rationale is that the "first-served" defendant rule follows logically from the unanimity requirement. *See Faulk v. Superior Indus. Int'l Inc.,* 851 F.Supp. 457, 458 (M.D.Fla. 1994). In *McKinney,* 955 F.2d at 928, the Fourth Circuit considered a different issue involving removal by multiple defendants. In *McKinney,* the first-served defendant removed the case in a timely manner. Thereafter, a defendant which was served within the first-served defendant's 30–day removal period joined in the first-served defendant's removal notice but did not do so within the first-served defendant's 30–day period. The Fourth Circuit held that a later-served defendant served within the first-served defendant's thirty days has thirty days to decide whether to join in the first defendant's removal notice. *See McKinney v. Board of Trustees of Mayland Community College,* 955 F.2d 924, 928 (4th Cir.1992). However, a defendant served after the first-served defendant's removal period cannot remove. *Id.* at 926 n. 3. The primary principle underlying the Fourth Circuit's ruling was to protect later-served defendants from the choice of

---

3. This unanimity requirement is based on 28 U.S.C. § 1441(a) which provides that "the defendant or the defendants" may remove the case. The courts have read these words to

mean that if there is more than one defendant, then the defendants must act collectively to remove the case. *See Hewitt v. City of Stanton,* 798 F.2d 1230, 1232 (9th Cir.1986).

having to forego removal or join hurriedly in a petition for removal that may open them up to Rule 11 sanctions. *Id.* at 928.

## C. Minority View

The Sixth Circuit has recently taken a different approach in construing Section 1446(b). In *Brierly v. Alusuisse Flexible Packaging Inc.,* 184 F.3d 527 (6th Cir. 1999), the Sixth Circuit rejected the first-served defendant rule and held that a later-served defendant has 30 days from the date of service to remove the case and that all defendants can consent even if their own 30 day periods have expired. The court reasoned that

> as a matter of statutory construction, holding that the time for removal commences for all purposes upon service of the first defendant would require us to insert "first" before "defendant" into the language of the statute. We are naturally reluctant to read additional words into the statute, however. If Congress had intended the 30–day removal period to commence upon service of the first defendant, it could have easily so provided.

*Id.* at 533. The court then concluded that a first-served defendant can consent to a later-served defendant's notice of removal, despite having failed to remove, because to hold otherwise "would vitiate the removal application of the later-served defendants and thereby nullify our holding that a later-served defendant" has 30 days in which to remove the case. *Id.* at 533 n. 3.

## D. Analysis

 It is the determination of this court that the better rule is the one espoused by the Fifth Circuit and this court several years ago in *Pic–Mount* that the 30–day period for removal commences upon service of the first defendant. First, removal statutes are to be strictly construed. The party invoking the removal jurisdiction of federal courts bears the burden of establishing federal jurisdiction over the state court suit. *See Wilson v.*

*Republic Iron & Steel Co.,* 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921). Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, *see Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 809, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986), which mandate strict construction of the removal statute. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 107, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). As a result, courts are to resolve doubts concerning removability in favor of remanding the case to state court. *See id.*

In addition, there is nothing inequitable about requiring the first-served defendant to file its notice of removal within its 30–day removal period. Brady failed, for whatever reason, to exercise its right. If Brady was the only defendant in the case, its failure to remove within 30 days would clearly constitute a defect in removal. We do not see why Brady's failure to remove in a timely manner should be viewed differently.

Finally, the first-served defendant rule as espoused by the Fifth Circuit, is not as harsh as it may appear and allows for exceptions in situations where the plaintiff may abuse the rule by purposefully waiting to serve some defendants. The Fifth Circuit recognized the potential for abuse in a case where the removing party was not added to the lawsuit until late in the proceeding. The Court stated that "[e]xceptional circumstances might permit removal even when a later-joined defendant petitions more than precisely thirty days after the first defendant is served." *Brown v. Demco, Inc.,* 792 F.2d at 482. The exceptional circumstances exception ensures that later-served defendants are protected from plaintiff's acting in a bad faith effort to prevent removal.

 Under the first-served defendant rule, the defendants notice of removal on federal grounds is not timely. Defendant Brady acknowledged service on September 28, 1999 but failed to remove within 30–

days. In their December 1999 removal notice, the defendants removed only on federal question grounds. Although the defendants raised the issue of fraudulent joinder the in their opposition to the motion for removal, this doctrine is only applicable when the notice of removal is based on diversity grounds. Therefore, we hold that the notice of removal on federal question grounds is not timely.

However, the defendants did eventually file an amended notice of removal on diversity grounds. Plaintiff is a Nevada corporation. Defendant Katy Industries is a citizen of the State of Colorado and Delaware by operation of 28 U.S.C. § 1332(c)(1). Defendant Wilen is a citizen of Georgia and Wilen Industries is a Georgia corporation. Defendant Brady is a Nevada corporation. Thus, on the face of the pleadings there is a lack of complete diversity which would precluded removal. The defendants attempt to circumvent this problem by arguing that the citizenship of Brady should be disregarded because Brady is a "sham defendant." In addition, the defendants allege that they timely removed because they just received information that has allowed them to determine that the action meets the amount in controversy requirement. The defendants notice of removal,thus, relies on the fraudulent joinder doctrine, which provides a judicially-created exception to the complete diversity requirement. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir.1998).

The plaintiff filed a motion to strike the supplemental notice of removal filed in February 2000. The plaintiff argues that the demand letter is inadmissible evidence of compromise negotiations and cannot therefore be considered by this Court. Alternatively, the plaintiff argues that the demand letter was the last in a series of conversations between the plaintiff and defendants and that defendants were aware long before February of 2000, that the amount in controversy exceeded $75,000. The plaintiff also argues that defendant Brady has not been fraudulently joined and that a case can be made against Defendant Brady.

## II Timeliness of Removal Notice Based on Diversity Grounds

The next issue which this Court must address is whether the defendants' second amended notice of removal has been timely filed. The answer turns on what constitutes "other paper" under 28 U.S.C. § 1446(b). Section 1446(b) provides in relevant part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty (30) days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by § 1332 of this title more than one year after commencement of the action.

The defendants argue that they did not remove on diversity grounds sooner because they had not been able to determine if the action could meet the $75,000 jurisdictional minimum. The defendants state in their notice of removal that they were only able to determine that the amount in controversy is met from the demand letter sent by plaintiff's attorney on January 12, 2000. The defendants contend that the demand letter from plaintiff's counsel satisfies the "other paper" requirement. Thus, the thirty day period started January 12, 2000, when the demand letter was sent. The plaintiff argues that the demand letter cannot be considered because it is inadmissible under Federal Rule of Evidence 408, which makes settlement offers and statements made in compromise negotiations inadmissible. Alternatively, the plaintiff argues that the demand letter was merely one of several communications between the parties that began since December and that the defendants were

aware that the amount in controversy exceeded $75,000 several months ago.

The phrase "other paper" has been interpreted as "documents generated within the state court litigation." *See, e.g., Smith v. International Harvester Co.,* 621 F.Supp. 1005, 1009 (D.Nev.1985). In *Putterman v. Daveler,* 169 F.Supp. 125 (D.Del. 1958) the court held that the term "other paper" meant a paper which was filed of record-similar to the requirements of other types of paper listed in the statute, i.e., an amended pleading, motion, or order. In *Riggs v. Continental Baking Co.,* 678 F.Supp. 236, 238 (N.D.Cal.1988), the court found that a deposition constituted "other paper" for purposes of 1446(b). Judge Weigel stated that the "elements of removability must be specifically indicated in official papers before the statutory period begins to run." *Id.* at 238.

Although the Ninth Circuit has provided no guidance on this issue, the district courts in this Circuit have found that letters between attorneys do not constitute "other papers" under section 1446(b). *See Lillard v. Joint Medical Products,* 1995 WL 20609,*3–*4 (N.D.Cal.1995)(letter between counsel is not an "other paper"); *Interior Glass Services, Inc. v. Federal Deposit Ins. Corp.,* 691 F.Supp. 1255, 1257 (D.Alaska 1988) (lawyer's letter is not an "other paper"). The courts's holdings are premised on the fact that in interpreting statutes, general words are to be construed to embrace only objects similar in nature to those objects specifically enumerated in the statute. Therefore, the phrase "other paper" in section 1446(b) is read to mean "paper" similar to an amended pleading, motion or order. *Interior Glass,* 691 F.Supp. at 1257. The meaning of "other papers" turns on the official status of the paper as a part of the record before the state court. *See Riggs,* 678 F.Supp. at 238.

The demand letter sent to defendants by plaintiff's counsel and the documents produced by plaintiff in their motion to strike the amended notice of removal do not meet the criteria described above because they are informal correspondence between the parties and counsel that cannot be considered official papers in this action. In light of the foregoing, defendants have removed without a clear basis for meeting the jurisdictional requirements and have failed to prove by a preponderance of competent evidence that the amount in controversy exceeds the $75,000 minimum. Because the defendants have not established the jurisdictional minimum required for removal on diversity grounds, we need not reach the issue of fraudulent joinder.[4]

### Conclusion

For the foregoing reasons, the Court finds that defendants' notice of removal on federal question grounds is not timely due to the first-served defendant rule. In addition, the Court finds that the defendants' amended notice of removal on diversity grounds is also not timely because defendants could not establish by proper evidence that the amount in controversy exceeded $75,000.

**IT IS HEREBY ORDERED THAT** plaintiff's motion to remand (# 16) is **GRANTED.**

**IT IS FURTHER HEREBY ORDERED THAT** plaintiff's motion (# 44) to strike the supplemental notice of removal or in the alternative to remand is **GRANTED.** Defendants were not able to establish through proper evidence that the amount in controversy exceeds $75,000.

**IT IS THEREFORE, HEREBY, ORDERED THAT** this action be **REMANDED** to the state court.

4. Once the defendants acquire official documents that establish the jurisdictional minimum required, they can file a new notice of removal and include their claim of fraudulent joinder.