James M. COLEMAN, Plaintiff,

v.

ASSURANT, INC., a Delaware Corporation; American Security Insurance Company, a Delaware Corporation; Union Security Life Insurance Company, a Delaware Corporation; and Mbna America Bank, a Delaware Corporation, Defendants.

### No. 2:06 CV 925 RLH PAL.

United States District Court,
D. Nevada.

Nov. 21, 2006.

Steven J. Parsons, Las Vegas, NV, for Plaintiff.

George D. Yaron, San Francisco, CA, Steven R. Bartell, Las Vegas, NV, Walter D. Willson, and Kevin A. Rogers, Ridgeland, MS, for Defendants Assurant, Inc., American Security Insurance Company, and Union Security Life Assurance Company.

Robert R. Kinas, Jennifer McBee, Las Vegas, NV, for Defendant MBNA America Bank, N.A.

### ORDER

HUNT, District Judge.

Before the Court is Plaintiff's **Motion to Remand** (# 25), filed August 28, 2006. The Court has also considered Defendants' Opposition (# 29), filed September 27, 2006, which has been joined by all remaining Defendants (# 30), September 27, 2006. Plaintiff's Reply (# 33), filed October 11, 2006 was also considered.

### BACKGROUND

On April 14, 2006, Plaintiff began this action by filing his Complaint in the Eighth Judicial District Court, Clark County, Nevada. On May 11, 2006, Defen-

dant MBNA America Bank ("MBNA") was served by the Office of the Sheriff of Newcastle County, State of Delaware. (Pl.'s Mot. Remand, Ex. 1.) MBNA did not answer the Complaint or make a special appearance within thirty (30) days of service of process. After this thirty (30) day time frame had passed, Plaintiff then served American Security Insurance Company ("American Security") and Union Security Life Insurance Company ("Union Security") through the Nevada Commissioner of Insurance on June 29, 2006. On July 6, 2006, Plaintiff served Assurant, Inc. ("Assurant").

On July 28, 2006, Defendants American Security, Union Security, and Assurant removed this action to this Court. Defendant MBNA also gave its consent to removal on July 28, 2006. On August, 28, 2006, the Plaintiff filed the Motion to Remand ("Motion") now before the Court.

Because the Court has decided to follow the later-served Defendant rule in this case, and because the Court finds that it has original jurisdiction, the Motion to Remand is denied.

## DISCUSSION

### I. 28 U.S.C. § 1446(b)'s 30 Day Limit

■ 28 U.S.C. § 1441 allows defendants to remove cases from state court to federal court when the federal court has original jurisdiction. Pursuant to § 1446(b): "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief. . . . " The question before the Court is whether the period to remove a case ends thirty days after the first-served defendant, or whether the time period for removal ends thirty days after the last defendant is served. As this Court has stated previously, "[t]he removal statutes do not expressly address the problem of multiple defendants." *Biggs Corp. v. Wilen*, 97 F.Supp.2d 1040, 1043 (D.Nev.2000).

### A. First–Served Defendant Rule

The quintessential case for those courts following the first-served rule is *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir.1986). In *Brown*, a newly added defendant sought removal even though the state court action had been pending for four years. *Id.* at 480. The state action was originally removable based on diversity and the new defendant sought removal based on diversity. *Id.* The district court had granted removal, and the Fifth Circuit reversed. *Id.* The Fifth Circuit maintained that a first-served defendant rule "follows logically from the unanimity requirement, the thirty-day time limit, and the fact that a defendant may waive removal by proceeding in state court." *Id.* at 482. The court further elucidated that a later-served defendant was no more prejudiced by a first-served defendant rule than any defendant whose co-defendant was non-diverse or opposed removal. *Id.* The Fifth Circuit has affirmed this reasoning in *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254 (5th Cir.1988). Later, the Fourth Circuit, for the purposes of the case before the Court, held likewise. *McKinney v. Board of Trs. of Mayland Cmty. Coll.*, 955 F.2d 924, 926 n. 3 (4th Cir.1992) ("[W]here B is served *more than* 30 days after A is served . . . the law is settled. . . . [I]f A does *not* petition for removal within 30 days, the case may not be removed.").

The decision for the Fifth Circuit rested, as a policy matter, on the Defendants having already tested the state court waters for four years. "The unfairness of this to the plaintiff outweighs the unfairness, if any, to the last-joined defendant. *The forum for a suit ought to be settled at some*

*time early in the litigation."* *Brown,* 792 F.2d at 482 (emphasis added).

### B. Later–Served Defendant Rule

More recently, circuit and district courts have begun to favor the later-served defendant rule which allows "a later-served defendant [to have] 30 days from the date of service to remove a case to federal district court, with the consent of the remaining defendants." *Brierly v. Alusuisse Flexible Packaging, Inc.,* 184 F.3d 527, 533 (6th Cir.1999). In *Brierly,* the Sixth Circuit reasoned that enforcing the first-served defendant rule would be unfair to later defendants, and would require the court to "insert 'first' before 'defendant' into the language of the statute." *Id.* To answer the Fifth Circuit's concern, the Sixth Circuit reasoned that "plaintiffs can ensure a quick resolution of the forum by simply 'mak[ing] sure that all defendants are served at about the same time.'" *Id.* (quoting *McKinney,* 955 F.2d at 927).

Even more recently, the Eighth Circuit has come to a similar conclusion. In *Marano Enterprises of Kansas v. Z–Teca Restaurants,* two defendants were served on February 1, 2000 and two were served on February 3, 2000. 254 F.3d 753, 754 (8th Cir.2001). On March 3, 2000, thirty-one days after the first defendants were served, but only twenty-nine days after the later defendants were served, all defendants jointly filed a notice of removal. *Id.* The Eighth Circuit reviewed the applicable positions of the Fifth and Sixth Circuits and stated: "[W]e must say that we find neither position particularly compelling, as both are susceptible to abuse and have potential to create inequities." *Id.* at 756. However, the Eighth Circuit accepted the later-served defendant rule because "the legal landscape in this area [had] been clarified, and perhaps the definitive answer portended, by the Supreme Court's decision in *Murphy Bros. v. Michetti Pipe Stringing, Inc." Id.* (referring to *Murphy*

*Bros. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999)).

In *Murphy Bros.,* the Supreme Court dealt with a somewhat different situation because a solo defendant was faxed a copy of the complaint and then two weeks later was formally served with the complaint. *Murphy Bros.,* 526 U.S. at 348, 119 S.Ct. 1322. The Court began its remarks: "This case concerns the time within which a defendant named in a state-court action may remove the action to a federal court. The governing provision is 28 U.S.C. § 1446(b)." *Id.* at 347, 119 S.Ct. 1322. The Supreme Court then commenced a lengthy analysis on the "triggering" mechanism of the § 1446(b) time limit. *See generally, id.*

Although the Supreme Court admittedly focused on the "service or otherwise" language in § 1446(b), the Supreme Court clearly framed its holding: "[W]e hold that a named defendant's time to remove *is triggered by simultaneous service of the summons and complaint,* or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Id.* at 347–48, 119 S.Ct. 1322 (emphasis added). Because of this holding, courts such as the Eighth Circuit, and various district courts, have concluded that the Supreme Court "would allow each defendant thirty days after receiving service within which to file a notice of removal, regardless of when-or if-previously served defendants had filed such notices." *Marano,* 254 F.3d at 756.

### C. Nevada District Court Rulings and Ninth Circuit Trend

The Ninth Circuit is clearly aware of the split of authority, but has expressed no opinion to date "on the propriety of either

rule." *United Comp. Sys. v. AT & T Corp.*, 298 F.3d 756, 763 n. 4 (9th Cir.2002). The Circuit itself is split as to which rule should be applied as well. *Compare McAnally Enters. Inc. v. McAnally*, 107 F.Supp.2d 1223, 1227–29 (C.D.Cal.2000) (applying first-served rule), *with Griffith v. Am. Home Prods. Corp.*, 85 F.Supp.2d 995, 1000–01 (E.D.Wash.2000) (applying the later-served rule).

In the past this Court has followed the first-served defendant rule. *Biggs Corp. v. Wilen*, 97 F.Supp.2d 1040, 1044–46 (D.Nev. 2000) (choosing to follow the first-served defendant rule); *see also Pic–Mount Corp. v. Stoffel Seals Corp.*, 708 F.Supp. 1113, 1114 (D.Nev.1989) (holding explicitly that in multiple defendant cases the clock begins to run after the first defendant is properly served with a copy of the initial pleading). However, at the time this Court made its ruling in *Biggs,* the first-served defendant rule was followed by the majority of courts. *Biggs,* 97 F.Supp.2d at 1044. Furthermore, both of these Nevada district court cases came before the Eighth Circuit's interpretation of *Murphy Bros.* in *Marano.* Therefore, for the reasons stated below, the Court applies the later-served rule in order to promote fairness and a uniform application of 1446(b).

The principal concern in applying the first-served defendant rule stems from a concern to finalize the forum early on in the litigation. The policy considerations before the Fifth Circuit when it decided *Brown* were based on a case that had already been pending in state court for four years. *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir.1986). Notably, even the *Brown* court was admittedly reluctant to make an absolute rule out of its "first-served defendant" reasoning. *Id.* at 482 ("Exceptional circumstances might permit removal even when a later-joined defendant petitions more than precisely thirty days after the first defendant is served.").

Therefore, the Fifth Circuit was open to the possibility of not following the hard-line rule. In the case currently before the Court, the time between Plaintiff's filing a complaint in state court, April 11, 2006, and the removal to federal court by all defendants, July 28, 2006, was approximately 108 days. Therefore, the *Brown* court's concern about deciding the forum early, is not present in this case, or at least to nearly the same degree. In *Brown,* four years of litigation in the state court weighed on the Court's reasoning. In the current case, the Plaintiff was still within its 120 day time limit to serve other potential defendants when the case was removed to federal court. Nev. R. Civ. P. 4(I).

As a practical matter, the *Brown* situation will be the exception and not the rule. However, in the event of another *Brown* situation, federal courts can still reduce unnecessary delay once a state case with a lengthy record is removed. 28 U.S.C. § 1447(b) (allowing federal courts to acquire all records and proceedings of the State court). Also, since the *Brown* decision, Congress has made § 1446 removals subject to Rule 11 sanctions. 28 U.S.C. § 1446(a) (revised in 1988 to allow for Rule 11 sanctions). As such, if defendants are removing the case "for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation," then sanctions could be imposed. Fed.R.Civ.P. 11(b)(1). These two tools should be enough to curb serious concerns involving a *Brown* situation.

Besides these tools, the Court agrees with the proposition that Plaintiffs can resolve their forum concerns by serving all the necessary parties as soon as possible. In the event of another *Brown* situation, later-served defendants will have the burden of persuading all the other defendants to remove to federal court if that is de-

sired. Hopefully this burden will suppress frivolous or unnecessary removals.

Furthermore, in *Brown,* the Fifth Circuit agreed with the Supreme Court that "[t]he removal statute is 'intended to have uniform nationwide application.'" *Id.* at 480 (*quoting Grubbs v. Gen. Elec. Credit Corp.,* 405 U.S. 699, 705, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972)). Given this policy concern of uniform applicability, the Court holds that it will be best to join the current movement in this Circuit, and the nation, to follow the later-served defendant rule. *See Myer v. Nitetrain Coach Co., Inc.,* 459 F.Supp.2d 1074, 1079, 2006 WL 2781330, at *4 (W.D.Wash.2006) (stating that the later-served rule "appears to be a growing trend" and that many courts have "rejected the first-served rule as overly formalistic and harsh."); *see also Piacente v. State Univ. of N.Y. at Buffalo,* 362 F.Supp.2d 383, 389–90 (W.D.N.Y.2004) (noting that "the majority of post *Murphy Bros.* decisions ... have adopted the [later-served] rule", and listing the cases that rely on *Murphy Bros.* as authoritative reasoning). In short, the first-served rule is not clearly the majority rule as it was when this Court ruled in *Biggs.* Even since the Defendants filed their opposition to the Motion to Remand, the district of Hawaii has decided to follow the later-served rule, *Hawaii v. Abbott Labs., Inc.,* 2006 WL 3191253 (D.Hawai'i October 27, 2006), and the Northern District of California has strongly reaffirmed its stance. *Bonner v. Fuji Photo Film,* 461 F.Supp.2d 1112 (N.D.Cal.2006) (applying later-served rule). Because the movement in other districts, inside and outside the Ninth Circuit, is towards the later-served rule—and Court cannot clearly state that either rule is in the majority—the Court joins the movement in an effort to promote the policy that removal statutes "have a uniform nationwide application." *Grubbs v. Gen. Elec. Credit Corp.,* 405 U.S. 699, 705, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972).

## II. Diversity Jurisdiction—Amount in Controversy

■ Federal district courts have original jurisdiction of civil actions when there is diversity between the Plaintiff and Defendants, and where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. Both parties agree that the requisite diversity exists and therefore the only concern about this Court's jurisdiction is the amount in controversy.

■ "It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir.2001). In considering whether the punitive damages sought will make the amount in controversy meet the jurisdictional requirement, the Supreme Court has held that it must appear "to a legal certainty from the complaint that [the Plaintiff] could not recover ... sufficient punitive damages to make up the requisite [jurisdictional amount]." *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.,* 320 U.S. 238, 241, 64 S.Ct. 5, 88 L.Ed. 15 (1943). Under this standard the Court must hold that there is a sufficient amount in controversy to meet the jurisdictional amount.

In discussing the punitive damages, Plaintiff states in his Motion: "Mr. Coleman does believe that a reasonable jury could award compensatory and extra-contractual damages and he certainly would not stipulate that the value of his case is less than $75,000." (Pl.'s Mot. Remand, 9–10.) It is thus clear that the Plaintiff understands this case is worth more than $75,000. Furthermore, as a matter of Nevada law, punitive damages against an insurance company are unlimited when imposed for bad faith. Nev.Rev.Stat. § 42.005(2)(b). Plaintiff seeks punitive damages for bad faith, fraud, malice, and so forth, against some of the insurance

company Defendants pursuant to § 42.005. (Compl.¶¶ 33, 40, 54.) As such, the Court cannot find to a legal certainty that the Plaintiff could not recover the requisite jurisdictional amount. Therefore, the Court finds that there is a sufficient amount in controversy to have original jurisdiction pursuant to 28 U.S.C. § 1332.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (# 25) is DENIED.