**Robert J. AUCHINLECK, Plaintiff,**

v.

**TOWN OF LaGRANGE, a corporation and body politic, Ann Lohrmann, David Heilmeier, Robert Miller, Dennise Pierce and Neal Kedzie, Defendants.**

No. 01 C 491.

United States District Court, E.D. Wisconsin.

Oct. 1, 2001.

Thomas E. Greenwald, Oliver Close Worden Winkler Greenwald, Rockford, IL, for plaintiff.

Mark J. Mingo, Mingo & Yankala, Milwaukee, WI, for defendants.

## DECISION AND ORDER

RANDA, District Judge.

This matter comes before the Court on Robert Auchinleck's ("Auchinleck") motion for remand. For the reasons stated below, Auchinleck's motion is granted.

## I.

Auchinleck filed his civil rights complaint on March 8, 2001, in the Circuit Court of Walworth County. The Town of LaGrange ("LaGrange"), Dennise Pierce ("Pierce"), and Neal Kedzie ("Kedzie") were served on April 8, 2001. David Heilmeier was served on April 12, 2001. Ann Lohrmann ("Lohrmann") was served on May 14, 2001. A notice of removal was filed on May 15, 2001. All of the defendants consented to removal.

## II.

Auchinleck argues that the defendants' removal procedure failed to comply with statutory requirements. The federal removal statute provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

28 U.S.C. § 1446(b). Auchinleck argues that the May 15, 2001 removal was untimely, as it was not filed within thirty days of April 8, 2001, the first date of service among the defendants. Defendants counter that the thirty-day time period runs from May 14, 2001, the date the last defendant was served, and the May 15, 2001 notice of removal was therefore timely for all defendants.

The issue, then, boils down to this: in a lawsuit with multiple defendants served on different days, when does the thirty-day time period for removal begin to run? The statutory language does not contemplate service among multiple defendants. The Seventh Circuit has not squarely addressed how to approach this problem. However, the more recent cases in this circuit to address the issue have followed the "first-served" rule. *See Phoenix Container, L.P. v. Sokoloff,* 83 F.Supp.2d 928 (N.D.Ill.2000); *see also Higgins v. Kentucky Fried Chicken,* 953 F.Supp. 266 (W.D.Wis.1997). Under this rule, the time period begins to run when the first defendant has been served, and the failure of any party to file within those thirty days precludes removal for all future defendants. The logic behind this rule is based on the concept that all defendants must consent to removal. *See P.P. Farmers' Elevator Co. v. Farmers Elevator Mutual Ins. Co.,* 395 F.2d 546, 547 (7th Cir.1968). When the first defendant allows the thirty-day period to lapse, he has effectively waived his consent to removal. Therefore, any effort to remove by a subsequently served defendant after that period "would be futile, because the first-served defendant would be unable to join that petition and the case therefore would be unremovable." *Phoenix Container,* 83 F.Supp.2d at 932. The first defendants served in this case were served on April 8, 2001. Since the notice of removal was not filed until May 15, more than thirty days after the first defendant was served, the case must be remanded to state court.

Defendants argue in response that various circuit courts have adopted a different approach, namely the "last-served" rule. *See Brierly v. Alusuisse Flexible Packaging, Inc.,* 184 F.3d 527 (6th Cir.1999), *McKinney v. Board of Trustees of Mayland Community College,* 955 F.2d 924 (4th Cir.1992) and *Marano Enterprises of Kansas v. Z–Teca Restaurants, L.P.,* 254 F.3d 753 (8th Cir.2001).[1] This approach allows each individual defendant thirty days to file for removal, provided that the other parties consent. Courts which reject

---

1. However, the Fifth Circuit has adopted and continues to follow the first-served rule. *See Getty Oil Corporation v. Insurance Company of* *North America,* 841 F.2d 1254 (5th Cir.1988) and *Brown v. Demco, Inc.,* 792 F.2d 478 (5th Cir.1986).

the first-served approach in favor of the last-served approach do so based on the potential unfairness to later-served defendants. For instance, in the present case, Lohrmann was served more than thirty days after the first defendants were served. Accordingly, under the first-served approach, her right of removal was forfeited before she was served.

■■■ However, in the removal context, faithful adherence to the statutory language is more important than avoiding potential unfairness. The plaintiff's right to choose his forum is superior to the defendant's right of removal. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104–107, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994). Accordingly, the thirty-day removal period should be strictly construed. *See Ortiz v. General Motors Acceptance Corp.*, 583 F.Supp. 526, 531 (N.D.Ill.1984). Also, uncertainties regarding the proper removal procedure under the statute should be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992). Under the last-served rule, defendants who were served first still have to consent to the removal. Such defendants would be allowed *more* than thirty days to file their notice. This situation is illustrated perfectly by the case before the Court. All of the defendants but Lohrmann were given more than thirty days from being served to decide to remove. One can imagine a situation where a second defendant is served two years after the first defendant was served. If the second defendant was allowed thirty days to file for removal, the first defendant is effectively given two years and thirty days to make a removal decision. The time limit, meant to "ensure that the question of where the case will be litigated [is] put to rest as soon as possible," is too easily controverted by the last-served rule. Moore's Fed.Practice, § 107.30[3][a][i]. The first-served rule is more consistent with the plain language of the statute as well as the policy justifications which support the thirty-day removal period.[2]

Defendants also advance the argument, echoed by the Eighth Circuit in *Marano Enterprises*, that the Supreme Court's recent decision in *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999) suggests that the first-served rule is no longer viable. The Court in *Murphy Bros.* held that the removal statute requires actual service of process before the thirty day period will begin to run. Since a party is not required to take action in litigation until formal service of process, the argument goes, removal rights cannot be forfeited before being brought into litigation. Therefore, the Eighth Circuit concluded that, "if faced with [this issue] today, the Court would allow each defendant thirty days after receiving service within which to file a notice of removal, regardless of when—or if—previously served defendants had filed such notices." *Marano Enterprises*, 254 F.3d at 756. This argument takes *Murphy Bros.* too far and fails to realize the logical effect of the first-served defendant's failure to timely remove. Certainly, formal service of process signals the beginning of the litigation process for the defendant. However, the failure of the

**2.** The Court also notes that the Fourth Circuit's decision in *McKinney* is distinguishable from the facts before the Court. In the present case, the first-served defendants did not file a timely notice of removal. In *McKinney*, the first-served defendant *had* filed a timely notice of removal. Therefore, the Court in *McKinney* allowed later-served defendants thirty days to *join* a notice of removal which was timely, and further acknowledged that in situations where the first-served defendant *does not* file within thirty days of being served, the case may not be removed at all. *McKinney*, 955 F.2d at 926, n. 3.

first-served defendant to timely remove simply means that removal is impossible for future defendants.

Finally, defendants argue that using the first-served approach would encourage plaintiffs to manipulate the order in which they serve multiple defendants. Such plaintiffs, defendants argue, could avoid removal by serving those least likely to remove first and waiting to serve those more likely to remove until their right has been forfeited. However, the order of service makes no difference because *all parties must consent to removal.* Therefore, if the first-served party does not want to remove, the later-served party essentially has no right to remove. One cannot forfeit an illusory right.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion for remand is GRANTED.

**SO ORDERED,**