Catherine RICCIARDI, Plaintiff,

v.

KONE, INC., Nordstrom,
Inc., Defendants.

No. CV 02–3198(DRH)(ETB).

United States District Court,
E.D. New York.

May 13, 2003.

Maloney & Letowsky, by Paul H. Maloney, New York City, for Plaintiff.

Piper Rudnick LLP, by Daniel Cevallos, New York City, for Kone, Inc.

Wade, Clark & Mulcahy, by Paul F. Clark, New York City, for Nordstrom, Inc.

## MEMORANDUM & ORDER

HURLEY, District Judge.

## I. BACKGROUND

Plaintiff initiated this action to recover for injuries suffered during a fall on an escalator. The escalator, which was manufactured by Defendant Kone, Inc. ("Kone"), was installed at the Garden City, New York store operated by Defendant Nordstrom, Inc. ("Nordstrom"). Plaintiff seeks 1,000,000 dollars in damages for her injuries. The action was commenced on May 16, 2002, by filing a complaint in the New York Supreme Court for the County of Nassau.

On May 31, 2002, Kone removed this action to the Eastern District of New York. The jurisdictional basis for this removal was diversity jurisdiction under 28 U.S.C. § 1332. Subsequently, both Kone and Nordstrom filed answers with the Court.

On November 7, 2002, the Court received Plaintiff's motion, pursuant to Fed.R.Civ.P. 15(a), for (1) leave to amend the complaint and (2) to remand the case to state court. Kone responded to this motion with what purports to be a cross-motion to dismiss the amended complaint. The Court construes this as Kone's opposition to Plaintiff's motion.

Plaintiff's proposed amended complaint adds her husband, Vincent Ricciardi, as a plaintiff. Vincent Ricciardi asserts a cause of action for "loss of the services, society, companionship and consortium of his spouse[, Plaintiff, in connection with the accident described in her cause of action]." Proposed Amended Complaint ¶ 31. The damages attributed to this injury amount to $7,500. Plaintiff and Vincent Ricciardi are both citizens of New York state.

Plaintiff asserts that the "claims of Vincent Ricciardi do not exceed the minimum monetary requirements provided by 28 U.S.C. [§ ] 1332, and thus joinder of Vincent Ricciardi as a Plaintiff will destroy diversity jurisdiction[, mandating remand of the action] to the state court." Plaintiff's Memorandum at 2.

## II. DISCUSSION

■ The initial hurdle is the determination of what analysis the Court should employ. The Court is aware that where "the motion [to amend] has been brought post-removal, it is [generally] governed by section 1447(e) of Title 28 of the United States Code." *Briarpatch Limited L.P. v. Geisler Roberdeau, Inc.*, 148 F.Supp.2d 321, 327 (S.D.N.Y.2001). Section 1447(e) provides: "If after removal the plaintiff seeks to join additional *defendants* whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joined and remand the action to the State court." 28 U.S.C. § 1447(e) (emphasis added). "Therefore, the decision to join [defendants], even if those [defendants] destroy diversity and require a remand, is within the sound discretion of the trial court." *Moncion v. Infra–Metals Corp.*, No. 01 Civ. 11389, 2002 WL 31834442, at *2

(S.D.N.Y. December 18, 2002). The instant situation is slightly different than the one described by Section 1447(e). In the instant case, Plaintiff attempts to join an additional *plaintiff,* not a defendant. Accordingly, the Court's analysis is not governed by that statute. Instead, the Court evaluates the motion for leave to amend under Fed.R.Civ.P. 15(a).

■ Under Rule 15(a), a district court "should generally give the plaintiff leave to amend. This is especially true when the complaint states a claim that is on its face nonfrivolous." *Simmons II v. Abruzzo,* 49 F.3d 83, 87 (2d Cir.1995); *see also* Fed R. Civ. P. 15(a). With that said, leave to amend may be denied based on "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or *futility of amendment . . . ." Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (emphasis added). In the instant case, the Court first determines the futility of the proposed amendment.[1] If a proposed amendment adds a claim and party over which the Court lacks subject matter jurisdiction, the amendment would be futile. *See Solvent Chemical Co. ICC Industries, Inc. v. E.I. Dupont De Nemours & Co.,* 242 F.Supp.2d 196, 219 (W.D.N.Y.2002).

As a court of limited jurisdiction, the threshold inquiry when faced with a claim is whether the court possesses subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute."). Since Vincent Ricciardi's claim does not meet the amount in controversy requirement, 28 U.S.C. § 1332(a), and the claim articulates no federal questions, 28 U.S.C. § 1331, the Court does not have original jurisdiction over his claim. The Court must, therefore, consider whether supple-

---

**1.** The Court notes that Kone spends significant time and energy arguing that "Plaintiff's proposed amendment must be denied by the Court because her amendment is sought in bad faith."

*See* Kone's Memorandum at 6–7. However, as the Court rules that the amendment is ultimately futile, it does not reach this bad faith argument.

mental jurisdiction may apply. *See* 28 U.S.C. § 1367.

In 1990 Congress enacted 28 U.S.C. § 1367, which grants district courts that possess original jurisdiction over an action the power to exercise supplemental jurisdiction over all claims that are part of the same case and controversy. *See* 28 U.S.C. § 1367. However, Section 1367(b) creates an exceptions to that rule in diversity actions where plaintiffs are joined pursuant to Fed R. Civ. P. 19. *See* 28 U.S.C. § 1367(b) ("In any civil action of which the district courts have original jurisdiction founded solely on section 1332 ... the district courts shall not have supplemental jurisdiction ... over claims by persons proposed to be joined as plaintiffs under Rule 19 ..., when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332."). Therefore, if Rule 19 applies to Vincent Ricciardi, the Court cannot exercise supplemental jurisdiction over his claim.[2]

In accordance with Rule 19(a) Vincent Ricciardi "claims an interest relating to the to the subject of the action and," if he is not joined, Defendants face the risk of multiple litigations to finally resolve liability issues rising from Plaintiff's accident. Fed R. Civ. P. 19(a)(2)(ii); *see also Viacom Intern., Inc. v. Kearney,* 212 F.3d 721, 724 (2d Cir.2000). Vincent Ricciardi's interest clearly relates to the subject matter of the action because they derive directly from the injuries that form the basis of Plaintiff's claims. The danger of multiple litigations arises from the fact that, if Vincent Ricciardi is not allowed to join Plaintiff's action, he will likely file a separate state court action. Despite satisfaction of these requirements, the terms of Rule 19 state that the rule only applies if the person's "joinder will not deprive the court of jurisdiction of the subject matter of the action ...." Fed R. Civ P. 19(a). This provision, while somewhat circular in its logic, requires the Court to examine the practical effect of Vin-

cent Ricciardi's proposed joinder upon the subject matter jurisdiction of the entire action.

■ Plaintiff has initiated a cause of action that alleges damages to her person in the amount of $1,000,000. This amount satisfies the amount in controversy requirement for diversity jurisdiction. *See* 28 U.S.C. § 1332(a). Furthermore, even with the addition of Vincent Ricciardi, all plaintiffs are completely diverse from all defendants. *See Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978) (discussing the complete diversity requirement). Therefore, the question before the Court is whether, as Plaintiff argues, the entire action loses subject matter jurisdiction if one of the completely diverse plaintiffs asserts a separate and distinct claim for less than the jurisdictional amount. The Court concludes that it does not.

For this proposition, the Court finds significant guidance from the Supreme Court. In *Zahn v. International Paper Co.,* 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973), the Supreme Court mandated "dismissal of *those litigants whose claims do not satisfy the jurisdictional amount,* even though other litigants assert claims sufficient to invoke the jurisdiction of the federal court." 414 U.S. at 295, 94 S.Ct. 505 (emphasis added). This language contemplates that certain of the plaintiffs may be dismissed for insufficient amount in controversy while others' claims persist. Despite the unsettled state of the law with regard to the aggregation of claim amounts[3], the Supreme Court's statement in *Zahn* still controls in the instant context. *See E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.,* 160 F.3d 925, 934–935 (2d Cir.1998).

The idea that Plaintiff's subject matter jurisdiction would not be destroyed by joinder of Vincent Ricciardi is further bolstered by the actual statute governing diversity jurisdiction. "The district courts shall have original jurisdiction of *all* civil actions where

---

**2.** The Court notes that Plaintiff solely relies on Rule 19 as a basis for joinder of Vincent Ricciardi. Accordingly, the Court does not evaluate whether joinder would be appropriate pursuant to other portions of the Federal Rules.

**3.** The parties do not suggest that the claim amounts should be aggregated in the current context. Therefore, the Court does not reach that issue.

the amount in controversy exceed the sum or value of $75,000 ... and is between [completely diverse persons]." 28 U.S.C. § 1332(a) (emphasis added). Vincent Ricciardi's joinder to the action would not lower or otherwise diminish the amount in controversy with regard to Plaintiff's claims. Therefore, the unambiguous language of the statute indicates that, even though Vincent Ricciardi's claims lack subject matter jurisdiction, Plaintiff's claims would persist. Stated differently, the Court must dismiss the parties that are diverse but fail to meet the amount in controversy requirement but that dismissal does not affect the viability of claims by separate and distinct plaintiffs that otherwise satisfy the diversity jurisdiction requirements. *See* Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3704, p. 153 (3d Ed.1998); *cf. St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 292, 58 S.Ct. 586, 82 L.Ed. 845 (1938) (holding that when "the plaintiff after removal, by stipulation, by affidavit, or by amendment of the pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction.").

With that conclusion in mind, the Court concludes that, since joinder would not destroy diversity jurisdiction, Rule 19 could be utilized to join Vincent Ricciardi. However, for the reasons discussed, the Court would not be able to exercise either original or supplemental jurisdiction over Vincent Ricciardi's claim. While this lack of subject matter jurisdiction would not negatively impact the subject matter jurisdiction of Plaintiff's separate and distinct claims, Vincent Ricciardi's claim must be dismissed for lack of subject matter jurisdiction. *See United Food & Commercial Workers Union Local 919 v. CenterMark Properties Meriden Square, Inc.,* 30 F.3d 298, 301 (2d Cir.1994) ("Where jurisdiction is lacking, ... dismissal is mandatory."). As such, Plaintiff's motion for leave to amend would be futile.

Independent of her subject matter jurisdiction argument, Plaintiff also suggests that the Court should remand because Nordstrom did not sign the notice of removal, in violation of the rule of unanimity. The rule of unanimity requires that all named defen-

dants file with court some form of unambiguous written evidence of consent to removal. *See Codapro Corp. v. Wilson,* 997 F.Supp. 322, 325 (E.D.N.Y.1998). However, 28 U.S.C. § 1447(c) requires that, other than motions based upon subject matter jurisdiction, all motions to remand must be made within 30 days of filing of the notice of removal. Plaintiff failed to meet this requirement.

### III. CONCLUSIONS

In light of the foregoing, Plaintiff's motion for leave to amend the complaint is DENIED as futile. Likewise, Plaintiff's motion to remand the case for lack of subject matter jurisdiction is DENIED as moot. Plaintiff's motion to remand the case due to violation of the rule of unanimity is also DENIED. Kone's motion to dismiss the amended complaint, to the extent that Kone meant it as such, is DENIED as academic.

The Court is aware that this outcome may result in a fragmentation of the action. However, as stated in footnote 2, *supra* at 457, Plaintiff has explicitly relied on Rule 19. When solely relying on that specific joinder rule, the Court must reach the outcome described above. Despite these conclusions, the Court notes that the instant decision will not prejudice Plaintiff's ability to make a renewed motion for leave to amend, relying upon the permissive joinder of parties described in Rule 20.

**SO ORDERED.**