Pamela **PIACENTE**, Plaintiff,

v.

**STATE UNIVERSITY OF NEW YORK AT BUFFALO, UB Foundation Activities, Inc., Research Foundation of State University of New York, Robert Spengler, Ph.D., and Richard Bankert, Ph.D, Defendants.**

No. 03–CV–0672E(SC).

United States District Court,
W.D. New York.

Feb. 14, 2004.

---

Josephine A. Greco, Kevin P. Wicka, Offerman, Cassano, Greco & Slisz LLP, Buffalo, NY, for Plaintiff.

Darren Longo, Buffalo, NY, Catherine Grantier Cooley, Lynda M. Tarantino, Hodgson Russ, LLP, James J. Rooney, Richard C. Heffern, Bond, Schoeneck & King, PLLC, Buffalo, NY, for Defendants.

## MEMORANDUM and ORDER [1]

ELFVIN, District Judge.

Piacente filed this Title IX action in the New York State Supreme Court, County of Erie, on July 25, 2003.[2] Defendant Research Foundation of State University of New York ("Research Foundation") removed the case September 10. All other defendants consented to such removal.[3] Piacente filed a motion to remand on October 10. This matter was argued and submitted on December 12. For the reasons set forth below, Piacente's motion will be denied.

■ Defendant Spengler was served on August 8. Defendants Research Foundation, UB Foundation Activities, Inc. and State University of New York at Buffalo were all served on August 11. Defendant Richard Bankert was served on September 3. As noted above, Research Foundation removed this action on September 10 – more than thirty days after Spengler had been served but within thirty days after Research Foundation itself had been served. Piacente contends that Research Foundation's Notice of Removal is deficient because, pursuant to section 1446(b),[4]

1. This decision may be cited in whole or in any part.

2. Piacente's Complaint also asserts claims for alleged violation of 42 U.S.C. §§ 1983 & 1985 and New York's Human Rights Law, Executive Law §§ 290–301.

3. Although not expressly required by statute, a majority of federal courts have interpreted 28 U.S.C. § 1446 as requiring all served defendants to consent to removal within the statutory thirty-day period – this rule being known as the "rule of unanimity." *See, e.g., Franck v. Sullivan (In re WorldCom, Inc. Sec. Litig.),* 2003 WL 22383090, at *1 (S.D.N.Y. 2003) (citing *Bradford v. Harding,* 284 F.2d 307, 309 (2d Cir.1960) for the proposition that it "is well established that the unanimous consent by defendants to a removal is necessary to remove an action under the general removal statute"); *Codapro Corp. v. Wilson,* 997 F.Supp. 322, 325 (E.D.N.Y.1998) ("The rule of unanimity 'advances the congressional purpose of giving deference to a plaintiff's choice of a state forum and of resolving doubts against removal and in favor of remand.' "); *see also Chicago Rock Isl. & Pac. Ry. Co. v. Martin,* 178 U.S. 245, 248, 20 S.Ct. 854, 44 L.Ed. 1055 (1900) (construing section 1446's predecessor and noting that it required defendants to be united in order to remove an action). Each defendant must provide written consent to the court for removal – as opposed to providing such to a co-defendant. *See, e.g., Ricciardi v. Kone, Inc.,* 215 F.R.D. 455, 458 (E.D.N.Y.2003) ("The rule of unanimity requires that all named defendants file with [the] court some form of unambiguous written evidence of consent to removal."). The rule of unanimity has been satisfied here because counsel for all defendants signed Research Foundation's notice of removal.

4. Although Piacente states that the thirty-day removal period is provided for in section 1446(a) – *see* Pl.'s Mem. of Law, at 1; Aff. of Kevin P. Wicka, Esq., at 2 –, the time for removal is set forth in section 1446(b). Piacente's argument will be construed accordingly.

it was untimely inasmuch as it was made more than thirty days after Spengler had been served. Inasmuch as the Court is aware of no procedural defects that would require remand, it must address an issue that has caused a split amongst federal courts – whether the time for removal is determined by the date of service[5] upon the first-served defendant ("the FSD rule") or the date of service upon the removing defendant ("the RD rule").[6] The FSD rule has been adopted by the Fifth Circuit Court of Appeals,[7] whereas the RD rule[8] has been adopted by the Sixth and Eighth Circuit Courts of Appeal.[9] A modified version of the FSD rule has been adopted by the Fourth Circuit Court of Appeals.[10] Piacente correctly notes that

**5.** The Supreme Court holds "that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347–348, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999). *Murphy Bros.* rejected the "receipt" rule in favor of the "service" rule adopted by, *inter alia, Baratt v. Phoenix Mut. Life. Ins. Co.,* 787 F.Supp. 333, 336 (W.D.N.Y.1992). Accordingly, service of process is a prerequisite to starting the removal clock.

**6.** *See United Computer Sys., Inc. v. AT & T Corp.,* 298 F.3d 756, 763 n. 4 (9th Cir.2002) (noting the "split of authority on the construction of § 1446(b) when applied to multiple defendants" but declining to address the issue); *Phoenix Container, L.P. v. Sokoloff,* 235 F.3d 352, 353–355 (7th Cir.2000) (criticizing the FSD rule in *dicta* but holding that it was without authority to review the district court's decision to remand); *Fitzgerald v. Bestway Servs., Inc.,* 284 F.Supp.2d 1311, 1314–1317 (N.D.Ala.2003) (discussing the split of authority concerning the start of the removal clock in multiple defendant cases).

**7.** *See Brown v. Demco, Inc.,* 792 F.2d 478, 481–482 (5th Cir.1986) (applying the FSD rule to a later-added defendant because, *inter alia,* it "follows logically from the unanimity requirement" but noting that "[e]xceptional circumstances might permit removal even when a later-joined defendant petitions [for removal] more than precisely thirty days after the first defendant is served"); *Getty Oil Corp. v. Ins. Co. of N. Am.,* 841 F.2d 1254, 1262–1263 (5th Cir.1988) (following *Brown* and applying the FSD rule to a later-served defendant); *New York Life Ins. Co. v. Deshotel,* 142

F.3d 873, 887 n. 4 (5th Cir.1998) (citing *Brown*).

**8.** The RD rule includes later-served defendants – such as Research Foundation – as well as later-added defendants (*i.e.,* defendants that are subsequently added, typically by an amended complaint). This Court will only address the applicability of the RD rule to a later-served defendant.

**9.** *See Marano Enters. of Kansas v. Z–Teca Rests., Inc.,* 254 F.3d 753, 756–757 (8th Cir. 2001) (holding that later-served defendants have "thirty days from the date of service on them to file a notice of removal with the unanimous consent of their co-defendants, even though the first-served co-defendants did not file a notice of removal within thirty days of service on them"); *Brierly v. Alusuisse Flexible Packaging, Inc.,* 184 F.3d 527, 533 (6th Cir.1999) (same), *cert. denied,* 528 U.S. 1076, 120 S.Ct. 790, 145 L.Ed.2d 667 (2000); *see also Brown v. Tokio Marine & Fire Ins. Co.,* 284 F.3d 871, 873 (8th Cir.2002) (applying *Marano*); *Loftis v. United Parcel Serv., Inc.,* 342 F.3d 509, 516 (6th Cir.2003) (discussing *Brierly*).

**10.** *See McKinney v. Bd. of Trustees of Maryland Comm. College,* 955 F.2d 924, 928 (4th Cir.1992) (holding that "defendants have thirty days from the time they are served with process or with a complaint to *join in* an otherwise valid removal petition") (emphasis added); *see also Tate v. Mercedes–Benz USA, Inc.,* 151 F.Supp.2d 222, 224–225 (N.D.N.Y. 2001) (adopting the *McKinney* rule); *Lemon v. MTS, Inc.,* 2001 WL 872639, at \*3 (E.D.Pa. 2001) (same). Although several courts have characterized *McKinney* as having adopted a modified version of the RD rule, it actually adopted a modified version of the FSD rule inasmuch as it requires a first/early served defendant to have timely filed a notice of removal. *See United Traffic Consultants, Inc.*

this issue has not been directly addressed by either the U.S. Supreme Court or the Second Circuit Court of Appeals.[11]

▮▮ Before reviewing section 1446, it is important to note several general principles that govern removal. This Court must "construe the removal statute narrowly, resolving any doubts against removability."[12] Moreover, the removing party must demonstrate a jurisdictional basis for removal as well as "the necessary compliance with the statutory removal requirements."[13]

*The RD Rule is Supported by the Text of Section 1446:*

▮ This Court first turns to section 1446(b), which provides in relevant part:

> "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by *the* defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based * * *." 28 U.S.C. § 1446(b) (emphasis added).

Several courts note that section 1446(b) is ambiguous as to whether the time for removal in a multiple defendant case is calculated based on the date of service on the FSD or the RD. Although somewhat ambiguous, the better construction of section 1446(b) – which does less violence to section 1446(b) as drafted – suggests that the RD rule is the proper interpretation.

There are several statutory reasons to adopt the RD rule. First, in order to support the FSD rule, section 1446(b) would have to be interpreted so as to insert the word "first" before "defendant." This construction (i.e., "the [first] defendant") is not supported by the text of section 1446(b).[14] In order to support the RD rule on the other hand, one must only read section 1446(b) in context such that "the defendant" is interpreted as "the defendant [who has filed a notice of removal]" – *i.e.,* the RD. This construction is supported by the text of section 1446(b) – *i.e.,* "The notice of removal * * * shall be filed within thirty days after receipt by *the* defendant" [emphasis added] – and requires no additional words to be inserted. 28 U.S.C. § 1446(b).[15]

*v. Premium Logistics, Inc.,* 2001 WL 34039477, at *4 (D.Or.2001) (characterizing the *McKinney* rule as "merely a variation of the first-served defendant rule").

**11.** *In re Tamoxifen Citrate Antitrust Litig.,* 222 F.Supp.2d 326, 334 (E.D.N.Y.2002).

**12.** *See Somlyo v. J. Lu–Rob Enterprises, Inc.,* 932 F.2d 1043, 1045–1046 (2d Cir.1991) ("In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability.") (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)); *see also Wilds v. United Parcel Serv., Inc.,* 262 F.Supp.2d 163, 176 (S.D.N.Y.2003) ("The defendant's right to remove and the plaintiff's right to choose the forum are not equal, and

uncertainties are resolved in favor of remand.") (citation omitted).

**13.** *Codapro, supra,* at 325 n. 3.

**14.** *Brierly, supra,* at 533 n. 9; *McKinney, supra,* at 926 n. 10.

**15.** *See, e.g., Russell v. LJA Trucking Inc.,* 2001 WL 527411, at *1 (E.D.N.Y.2001) (finding the "the defendant *seeking removal*" interpretation of section 1446(b) to be "considerably less strained" than the FSD interpretation). *But see Smith v. Health Ctr. of Lake City, Inc.,* 252 F.Supp.2d 1336, 1346 (M.D.Fla.2003) (finding that adoption of the RD rule would require inserting the words "last-served" into section 1446(b)); *Auchinleck v. Town of LaGrange,* 167 F.Supp.2d 1066, 1069 (E.D.Wis. 2001) (finding that the FSD rule was "more consistent with the plain language of [section 1446(b) ]").

Second, courts that find section 1446(b) to be ambiguous do so based on the premise that it "contemplates only one defendant and thus does not answer the question of how to calculate the timing for removal in the event that multiple defendants are served at different times, one or more of them outside the original 30–day period."[16] This premise, however, is wrong. Section 1446(b)'s singular use of "the defendant" contemplates only one defendant because it is referring to the RD, the defendant who filed a notice of removal – other served defendants may join in or consent to the RD's notice of removal. This interpretation is supported by section 1446(a), which provides in relevant part:

> "A defendant or *defendants* desiring to remove any civil action * * * from a State court shall file in the district court * * * *a notice of removal* * * * containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or *defendants* in such action." (Emphasis added).

Accordingly, section 1446(a) contemplates removal by a "defendant *or defendants.*" 28 U.S.C. § 1446(a) (emphasis added). In other words, section 1446(a) demonstrates that Congress specifically contemplated cases involving multiple defendants. Rather than assuming that Congress forgot about the possibility of multiple defendants when it moved from subsection (a) to subsection (b), it is more reasonable to assume that Congress contemplated that a defendant would file a notice of removal that could be joined in or consented to by other defendants.[17] Congress, therefore, must have contemplated that the time for the filing of a notice of removal would be calculated based on the date of service of process upon the defendant who filed the notice of removal – *i.e.*, the RD. Accordingly, the text of subsections 1446(a) & (b) implicitly supports adoption of the RD rule.

Third, the RD rule respects the "rule of unanimity"[18] because there is a difference between a right to remove and a right to consent to removal – even though the practical distinction between the two may be minimal. Accordingly, a FSD defendant who fails to timely remove an action may nonetheless consent to timely removal by a later-served defendant – the RD.[19]

Fourth, the Supreme Court's decision in *Murphy Bros., supra*, note 5, suggests that the RD rule is the proper interpretation of section 1446(b).[20] Indeed, the Eighth Circuit Court of Appeals stated that it found

**16.** *Brierly, supra* note 9, at 532; *see also Paradise Motors, Inc. v. Toyota de Puerto Rico Corp.*, 249 F.Supp.2d 698, 700 (D.Virgin Islands 2003) (stating that section 1446(b) fails to address "how to calculate the timeframe for removal when multiple defendants are served at different times outside the original thirty-day period"); *Lemon, supra*, at *3 n. 10 ("Neither section 1446(b) nor its legislative history addresses the situation where multiple defendants are served on different days.").

**17.** This interpretation is further buttressed by section 1446(a), which refers to "a defendant or defendants" filing "a notice of removal" in the singular.

**18.** *See* note 3 *supra.*

**19.** *Brierly, supra* note 9, at 533 n. 3 ("We conclude that a first-served defendant can consent to a later-served defendant's removal petition, despite having already failed in its own efforts to remove."); *see also Marano, supra* note 9, at 757 n. 6 ("Our holding today in no way affects the rule of unanimity. Later-served defendants seeking removal are required to have the consent of all defendants, as they did here."). *But see Brown, supra* note 7, at 481–482 (finding that the FSD rule follows logically from the rule of unanimity).

**20.** *Marano, supra* note 9, at 756.

"neither [the FSD rule nor the RD rule] particularly compelling, as both are susceptible to abuse and have potential to create inequities. We are convinced, however, that the legal landscape in this area has been clarified, and perhaps the definitive answer portended, by the Supreme Court's decision in *Murphy Bros.* [*supra*, note 5]. * * * We conclude that, if faced with the issue before us today, the [Supreme] Court would allow each defendant thirty days after receiving service within which to file a notice of removal, regardless of when—or if—previously served defendants had filed such notices." [21]

Likewise, this Court finds that, logically extended, *Murphy Bros.* favors adoption of the RD rule.[22] As noted above, *Murphy Bros.* held that the clock for removal does not start until a defendant is served with process.[23] Indeed, this Court previously held that, under *Murphy Bros.*, "the time for removal commences when service is completed and jurisdiction over *the* defendant has been obtained." [24] Although *Murphy Bros.* only involved a single defendant, its holding nonetheless applies to the multiple defendant context.[25] In

---

**21.** *Marano, supra* note 9, at 756–757 (citing 16 James Wm. Moore *et al.*, Moore's Federal Practice § 107.30[3][a][i], at 107–163 (3d ed.2000)).

**22.** 16 James Wm. Moore *et al.*, Moore's Federal Practice § 107.30[3][a][i], at 107–163 (3d ed.2003) (noting that *Murphy Bros.* "should have an effect on the development of the law on this issue * * * [and that] it is likely that the [Supreme] Court may decide that the later served defendants may not have their removal right compromised before they are served * * *.").

**23.** *Murphy Bros., supra* note 5, at 347–348.

**24.** *See Ward v. Aetna Life Ins. Co.*, 1999 WL 222559, at *1 (W.D.N.Y.1999) (emphasis added); *see also Lee v. Pineapple Mgt. Servs., Inc.*, 241 F.Supp.2d 690, 693 n. 6 (S.D.Miss.2002) (citing, *inter alia, Ward* for the proposition that "the relevant date for gauging timeliness of removal is the date on which *proper* service was effected * * *.").

**25.** In addition to the Eighth Circuit in *Marano*, many courts have held that *Murphy Bros.* – *supra* note 5 – favors adoption of the RD rule. *See, e.g., Ratliff v. Workman*, 274 F.Supp.2d 783, 784–785, 789–791 (S.D.W.Va. 2003) (following *Marano* ); *Shadie v. Aventis Pasteur, Inc.*, 254 F.Supp.2d 509, 515 (M.D.Pa.2003) (stating that the RD rule "appears to be a necessary corollary to the Supreme Court's recent decision in *Murphy Bros.*" and noting that "it seems doubtful that the Third Circuit would adopt a 'first served defendant' rule"); *In re Tamoxifen, supra* note 11, at 335 (stating that adoption of the FSD rule does not "seem appropriate in light of *Murphy Brothers*" ); *Liberty Mut. Ins. Co. v. Bayer Corp.*, 2002 WL 1467331, at *2 (D.Del. 2002) ("In light of the Supreme Court's opinion in *Murphy*, which underscored the importance of formal service of process as the sole trigger of a defendant's obligation to exercise its removal rights, the court will now adopt the 'later-served defendant' approach."); *Orlick v. J.D. Carton & Son*, 144 F.Supp.2d 337, 343 (D.N.J.2001) ("[I]t is counter-intuitive to maintain a 'first-served defendant' rule when the Supreme Court would not—consistent with *Murphy Brothers*—begin to run a later-served defendant's time to seek removal until that defendant received proper service of process."); *Griffith v. Am. Home Prods. Corp.*, 85 F.Supp.2d 995, 1000 (E.D.Wa.2000) ("[T]he Supreme Court's decision in *Murphy Brothers* casts doubt on the continuing validity of the first-served defendant rule to the extent that that case stands for the proposition that the removal statute should not be so strictly construed as to deny defendants significant procedural rights before becoming parties to an action."). *But see Smith, supra* note 15, at 1346 n. 12 (finding that *Murphy Bros.* does not compel adoption of the RD rule); *Auchinleck, supra* note 15, at 1069–1070 (same); *Baych v. Herrick Douglass, Inc.*, 227 F.Supp.2d 620, 622 (E.D.Tex.2002) (declining to interpret *Murphy Bros.* as implicitly overruling *Getty Oil* and *Brown*, both of which adopted the FSD rule). This Court finds more persuasive the decisions holding that *Murphy Bros.* implicitly requires adoption of the RD rule.

reaching its holding, the *Murphy Bros.* Court noted that it "read Congress' provisions for removal in light of a bedrock principle: An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process."[26] Consequently, if a person or entity becomes a party only upon service of process, it logically follows that a person or entity may only be required to "take action" by filing a notice of removal once he/she or it has become a party to the litigation via formal service of process. Inasmuch as *Murphy Bros.* has thus altered the analysis with respect to the time for removal in multiple defendant cases, pre-*Murphy Bros.* cases are no longer sound authority.[27]

Fifth, Congress could have drafted section 1446(b) in a manner that would have expressly calculated the time for removal based on the date of service of the FSD.[28] The fact that it did not draft such a provision suggests that Congress did not intend to codify a FSD rule.[29] Read in context, subsections 1446(a) & (b) undermine an attempt to apply this statutory construction argument to the RD rule because such context demonstrates congressional intent to codify a RD rule. Accordingly, this Court finds that Congress was implicitly referring to the RD when it used the phrase "the defendant" in section 1446(b).

Moreover, the RD rule is the modern trend. Although the text of section 1446 is determinative, it is important to note that the majority of post-*Murphy Bros.* authorities have adopted the RD rule.[30] Indeed,

26. *Murphy Bros., supra* note 5, at 347; *see also id.* at 350 ("Accordingly, one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend.").

27. Piacente's reliance on pre-*Murphy Bros.* authority is thus misplaced. *See, e.g., Weimer v. City of Johnstown, N.Y.,* 931 F.Supp. 985, 993 (N.D.N.Y.1996) (adopting FSD rule); *Quinones v. Minority Bus Line Corp.,* 1999 WL 225540, at *2 (S.D.N.Y.1999) (adopting FSD rule without discussing *Murphy Bros.,* which was decided two weeks before *Quinones*); *Mitchell v. Racer Components, Inc.,* 1997 WL 781862, at *1 (W.D.N.Y.1997) (following *McKinney*). Because *Mitchell* predated *Murphy Bros.* – as well as all subsequent appellate decisions on this issue –, it is no longer to be followed.

28. *Brierly, supra* note 9, at 533.

29. *Brierly, supra* note 9, at 533.

30. *Marano, supra* note 9, at 756 (adopting the RD rule as a logical extension of *Murphy Bros., supra* note 5); *Brierly, supra* note 9, at 533 (adopting the RD rule on statutory and equitable grounds); *Ratliff, supra* note 25, at 790–791 (adopting RD rule); *Shadie, supra*

note 25, at 515 (same); *Paradise Motors, supra* note 16, at 700 (same); *In re Tamoxifen, supra* note 11, at 335 (same); *Liberty Mut., supra* note 25, at *2 (same); *Smith v. Mail Boxes, Etc. USA, Inc.,* 191 F.Supp.2d 1155, 1160–1161 (E.D.Cal.2002) (same); *United Traffic Consultants, supra* note 10, at *4 (same); *Russell, supra* note 15, at *1 (same); *Orlick, supra* note 25, at 343 (same); *Griffith, supra* note 25, at 1000 (same); *see also Berisic v. Winckelman,* 2003 WL 21714930, at *4 (S.D.N.Y.2003) (noting in *dicta* that it would adopt the RD rule); *Fitzgerald, supra* note 6, at 1317 (adopting RD rule with respect to a later-added defendant); *Zollner v. Swan,* 2003 WL 22097457, at *2–3 (E.D.Pa.2003) (same); *Bussey v. Modern Welding Co.,* 245 F.Supp.2d 1269, 1274 (S.D.Ga.2003) (same); *Varela v. Flintlock Constr., Inc.,* 148 F.Supp.2d 297, 300 (S.D.N.Y.2001) (same). *But see Smith, supra* note 15, at 1346 n. 12 (rejecting the RD rule without adopting either the FSD rule or the *McKinney* rule); *Morgan v. Asbestos Defs.,* 2003 WL 945987, at *2 (N.D.Cal.2003) (adopting FSD rule without addressing *Murphy Bros*); *Jeffcoat v. Am. Gen. Life & Acc. Ins. Co.,* 2001 WL 611196, at *2 (M.D.Ala. 2001) (same); *Biggs Corp. v. Wilen,* 97 F.Supp.2d 1040, 1045 (D.Nev.2000) (same); *Auchinleck, supra* note 15, at 1069–1070 (adopting FSD rule and finding that *Murphy Bros.* does not favor the RD rule); *Phoenix*

although many courts have characterized the FSD rule as the majority rule and the RD rule as the minority rule, the modern trend favors the RD rule. In light of this Court's finding that the text of section 1446 addresses the timing for removal in multiple defendant cases, it is unnecessary to engage in a policy analysis with respect to section 1446(b). Nonetheless, it is worth noting that the majority of post-*Murphy Bros.* decisions – which have weighed the policy reasons – have adopted the RD rule.[31] Consequently, the weight of authorities supports this Court's decision to adopt the RD rule when interpreting section 1446(b).

Accordingly, it is hereby **ORDERED** that plaintiff's motion to remand is denied.

*Container, L.P. v. Sokoloff,* 83 F.Supp.2d 928, 932 (N.D.Ill.2000) (same); *Graft v. Alcoa,* 2003 WL 1984347, at *5 (S.D.Ind.2003) (adopting FSD rule with respect to later-added defendants); *McAnally Enters., Inc. v. McAnally,* 107 F.Supp.2d 1223, 1229 (C.D.Cal.2000) (same).

**31.** *See* note 30 *supra.* Moreover, inasmuch as the Fifth Circuit Court of Appeals' decisions in *Brown, supra* note 7, and *Getty Oil, supra* note 7, were decided before *Murphy Bros.,* the policy discussions contained therein – and often adopted by courts adopting the FSD rule – are undermined.