**Augustine FERNANDEZ, Plaintiff,**

v.

**HALE TRAILER BRAKE & WHEEL, JBN Transport, Dan Schantz Farm & Greenhouses, and John Doe, Defendants.**

No. 04 Civ. 3779(VM).

United States District Court,
S.D. New York.

Aug. 17, 2004.

Merryl Fern Weiner, Quaranta & Associates, Mount Kisco, NY, for Plaintiff.

Daniel J. Morse, Hardin, Kundlz, McKean, Poletto, New York City, for Defendants.

### DECISION AND ORDER

MARRERO, District Judge.

### I. FACTS AND PROCEEDINGS

Following a September 29, 2003 automobile collision, plaintiff Augustine Fernandez ("Fernandez"), who is a New York domiciliary, commenced an action in New York Supreme Court, Bronx County, on January 13, 2004. Fernandez alleged damages in the amount of one million dollars, and named as defendants Hale Trailer Brake & Wheel ("Hale"), a foreign corporation with its principal place of business in Pennsylvania, and John Doe ("Doe"), the driver of the other vehicle involved in the collision, whose domicile is unknown. On April 2, 2004, Fernandez filed an amended complaint in his New York State court action, adding as defendants JBN Transport ("JBN"), a foreign corporation with its principal place of business in New Jersey, and Dan Schantz Farm & Greenhouses ("DSFG," and collectively with Hale and JBN, the "Defendants"), a foreign corporation with its principal place of business in Pennsylvania. On April 8, 2004, Fernandez served a copy of the amended summons and complaint on the New York Secretary of State as part of completing service on defendants JBN and DSFG. DSFG alleges that it did not receive the amended summons and complaint until April 23, 2004.

On May 19, 2004, Hale, JBN and DSFG filed a motion to remove the case to federal court, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. In response, Fernandez filed an opposing motion to remand the case to state court on the basis that the motion for removal is untimely and because the amount in controversy may not be adequate to support diversity jurisdiction. For the following reasons, Fernandez's motion to remand the case is denied.

### II. DISCUSSION

#### A. THE TIMELINESS OF THE REMOVAL PETITION

 To remove a case to federal court, a defendant must file a notice of removal within 30 days of receiving the summons and complaint. See 28 U.S.C. § 1446 ("§ 1446"); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S.

344, 348–49, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999).. If the plaintiff challenges the removal through a motion to remand, the party seeking to remove the case bears the burden of establishing that removal is proper. *See Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir.2000); *United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir.1994). Federal courts construe questions of removal narrowly, resolving any doubts against removal. *See Somlyo v. J. Lu–Rob Enters., Inc.*, 932 F.2d 1043, 1045–46 (2d Cir.1991) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)).

■ The United States Supreme Court has held that because a court cannot exercise personal jurisdiction over a party named in a complaint without proper service of process on that party, a defendant "becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Murphy Bros.*, 526 U.S. at 350, 119 S.Ct. 1322. The thirty-day period during which removal is permitted does not begin to run until the defendant is officially served with both the complaint and the summons. *See id.* at 354, 119 S.Ct. 1322.

■ The Court notes that neither the Supreme Court nor the Second Circuit has specifically addressed the issue of when the removal period begins to run in an action involving multiple defendants who are not served simultaneously. The Court, however, is persuaded that the "last-served defendant rule is the more sound approach". Under this procedure, the thirty-day period during which the defendants are permitted to file a notice of removal begins to run when the last defendant is served. The rule ensures that the last-served defendant's procedural rights do not "slip away before service of a summons" and before he is even subject to the jurisdiction of the court. *Varela v. Flintlock Constr., Inc.*, 148 F.Supp.2d 297, 300 (S.D.N.Y.2001). In *Piacente v. State Univ. of New York at Buffalo*, No. 03 Civ. 0672E, 2004 WL 816885 (W.D.N.Y. Feb.14, 2004), Judge John T. Elfvin undertook a lengthy analysis of § 1446 and the last-served defendant rule and concluded that the plain language; Congressional intent; public policy; and the logical extension of the Supreme Court's decision in *Murphy Bros.* by many subsequent district courts all favored adopting the last-served defendant rule. *See Piacente*, 2004 WL 816885, at *1–3.

The Court adopts the *Piacente* court's rationale. The last-served defendant rule [1] is the wiser course, especially in a case such as this where subsequent defendants were added to the complaint almost four months after the initial defendants were served. The application of a first-served defendant rule in this case would deprive these later-added defendants of their ability to exercise procedural rights to remove the case before they are subject to the jurisdiction of the state court and before they are even on notice that they will be parties to the case.

Citing the Supreme Court's holding in *Murphy Bros.* that service of process is a prerequisite for starting the time for removal, most district courts in this circuit have adopted the last-served defendant

---

1. As a point of clarification, the Court notes that as used herein, the "last-served defendant" rule means the last-served defendant that has filed for removal, or as the *Piacente* court referred to as the "removing defendant" or "RD" rule. *Piacente*, 2004 WL 816885, at *1.

rule. *See, e.g., Piacente,* 2004 WL 816885, at *3; *Berisic v. Winckelman,* No. 03 Civ. 1810, 2003 WL 21714930, at *4 (S.D.N.Y. July 23, 2003) (stating in dicta that the court would be inclined to apply the last-served defendant rule); *In re Tamoxifen Citrate Antitrust Litig.,* 222 F.Supp.2d 326, 334–35 (E.D.N.Y.2002) (declining to adopt the first-served defendant rule in light of *Murphy Bros.*); *Carter v. Geldis,* No. 00 Civ. 7236, 2002 WL 1159904, at *1 n. 3 (E.D.N.Y. Apr.23, 2002) (stating that although the Second Circuit has not spoken on the issue, the court had recently adopted the last-served defendant rule); *Varela,* 148 F.Supp.2d at 300 (interpreting *Murphy Bros.* to be consistent with the last-served defendant rule and applying this rule to avoid depriving the defendant of his procedural rights); *Russell v. LJA Trucking Inc.,* No. 00 Civ. 7629, 2001 WL 527411, at *1–2 (E.D.N.Y. May 11, 2001) (adopting the last-served defendant rule in part because it is a more natural reading of the statute than the first-served defendant rule); *cf. Tate v. Mercedes–Benz USA, Inc.,* 151 F.Supp.2d 222, 224–25 (N.D.N.Y.2001) (declining to adopt either the first-served defendant rule or the last-served defendant rule, but allowing the defendant thirty days from his receipt of the summons and complaint to join an otherwise valid removal petition); *but see Yang v. ELRAC, Inc.,* No. 03 Civ. 9224, 2004 WL 235208, at *1 (S.D.N.Y. Feb.6, 2004) (adopting the first-served defendant rule in the absence of inequities that would compel adoption of the last-served defendant rule).

■ The Court turns now to a determination of when the last defendant was served in this case. When service of process is made upon a statutory agent rather than on the defendant personally, the thirty-day period during which the defendant may remove the case does not begin with service upon the agent, but rather, when the defendant receives personal service of the summons and complaint. *See Cygielman v. Cunard Line Ltd.,* 890 F.Supp. 305, 307 (S.D.N.Y.1995). This rule is prudent, not only because the defendant's procedural rights should not depend upon the alacrity with which the statutory agent delivers the summons to the defendant, but also because beginning the time to remove an action when the defendant receives the summons, and not when the statutory agent is served is consistent with the plain language of § 1446, which states that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the *receipt by the defendant,* through service or otherwise, of a copy of the initial pleading...." 28 U.S.C. § 1446(b) (emphasis added). Furthermore, the weight of authority in this district is consistent with this holding. *See, e.g., Cygielman,* 890 F.Supp. at 307 (summarizing cases); *see also Grello v. J.C. Penny Corp., Inc.,* No. 03 Civ. 8245, 2003 WL 22772397, at *2 (S.D.N.Y. Nov.21, 2003); *Rowland v. Giftcertificates.com. Inc.,* 195 F.Supp.2d 509, 512 (S.D.N.Y. 2002).

■ In this case, service was made upon the New York Secretary of State on April 8, 2004, the statutory agent designated to receive service for the last-served defendant, DSFG. Michael Dickert, who is employed as a dispatcher for DSFG, filed an affidavit attesting that DSFG did not receive a copy of the summons and complaint until April 23, 2004. Although Fernandez argues that DSFG was effectively served on April 8, 2004 because the New York Secretary of State was served on that date, Fernandez does not contest DSFG's claim that service was *personally* effectuated on April 23. Fernandez has thus assented to DSFG's assertion that it did not receive the summons and complaint

until April 23. The Court thus concludes that April 23, 2004 was the date that the last defendant was served. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97–98, 42 S.Ct. 35, 66 L.Ed. 144 (1921) ("[I]f the plaintiff does not take issue with what is stated in the petition [for removal], he must be taken as assenting to its truth, and the petitioning defendant need not produce any proof to sustain it.") (citation omitted). Accordingly, because the Notice of Removal was filed on May 19, 2004, which is within 30 days of April 23, the Defendants' petition for removal was timely.

## B. *AMOUNT IN CONTROVERSY*

 The amount in controversy in a federal diversity action must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(b). Although the party seeking to remove the case has the burden of proving that the amount in controversy exceeds the statutory limit to a "reasonable probability," *Scherer v. Equitable Life Assurance Soc'y of the United States*, 347 F.3d 394, 397 (2d Cir.2003) (internal quotations and citations omitted), there is also a rebuttable presumption that the amount of damages alleged in the complaint is a good faith representation of the amount in controversy. *See id.* The party seeking to defeat diversity jurisdiction can rebut this presumption only by showing that the "legal impossibility of recovery must be so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Id.* (internal quotations and citations omitted). However, "[w]here the damages sought are uncertain, the doubt should be resolved in favor of the plaintiff's pleadings." *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 785 (2d Cir.1994).

 Fernandez argues that the $1 million damages alleged in the complaint may not satisfy the statutory minimum necessary to sustain diversity jurisdiction because the amount, as he characterizes it, is "soft tissue." In so arguing, Fernandez is, in essence, disclaiming his own allegation and asserting that the demand in his complaint was made in bad faith. The Court finds Fernandez's position on this point wholly untenable. In the absence of clear evidence to the contrary with regard to damages, which at this early stage in the action is often not available, the Court accepts Fernandez's $1 million damages allegation at face value for the purposes of diversity jurisdiction. As the Supreme Court has explained:

> If the plaintiff could, no matter how *bona fide* his original claim in the state court, reduce the amount of his demand to defeat federal jurisdiction the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice. The claim, whether well or ill founded in fact, fixes the right of the defendant to remove, and the plaintiff ought not to be able to defeat that right and bring the cause back to the state court at his election.

*See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294, 58 S.Ct. 586, 82 L.Ed. 845 (1938) (emphasis in original); *see also* 14B Charles Allen Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3702 n. 48 (3d ed. 1998 & 2004 Supp.) ("[I]f the plaintiff brings suit in a state court, demanding a sum of money in excess of the jurisdictional amount, and the defendant properly removes the action to a federal court, any subsequent reduction by the plaintiff of the amount claimed will not divest the federal court of subject matter jurisdiction and cause the case to be remanded to state court."). Thus, the Court rejects Fernandez's argument on this point.

Accordingly, because the Defendants' motion to remove this action was timely filed and all the requirements of diversity jurisdiction have been satisfied, the Court denies Fernandez's motion to remand the case to state court.[2]

## III. *ORDER*

For the foregoing reasons, it is hereby

**ORDERED** that the motion of plaintiff Augustine Fernandez to remand the case to the New York State Court is denied; and it is further

**ORDERED** that the parties appear before the Court for an initial case management conference on September 17, 2004 at 2:15 p.m. The parties are directed to section IV of the Court's individual practice rules for information regarding required written submissions for the conference.

**SO ORDERED.**

**2.** The Court notes that the domicile of defendant Doe is currently unknown. When Doe's domiciliary is established, the parties (or the Court *sua sponte* ) may revisit the question of whether diversity jurisdiction properly lies before the Court.